## S90G0320. NORRIS v. SIGLER DAISY CORPORATION.
(392 SE2d 242)

BENHAM, Justice.

The subjects of this appeal are the definition of interest in the context of Georgia's criminal usury statute (OCGA § 7-4-18) and the applicability of the provisions of the criminal usury statute in a civil action. These issues arise in the context of an action brought by the borrower after the lender foreclosed on a real estate deed which the borrower gave to secure a loan. The loan was for a face amount of $12,310.50, of which $5,800 was an "origination fee" paid to the lender. Contending that the origination fee constituted interest for the purposes of OCGA § 7-4-18, that the loan violated that section by contracting to collect interest at a rate higher than 5% per month, and that all the interest on the loan was forfeited because of the usury infecting the note, the borrower sought to recover from the proceeds of the foreclosure the amount collected in excess of the principal of the note. The trial court, holding that an origination fee did not constitute interest for the purposes of OCGA § 7-4-18 because it did not constitute interest for the purposes of the civil usury statute (OCGA § 7-4-2), granted summary judgment to the lender. The Court of Appeals affirmed, and we granted certiorari to consider whether the origination fee is interest or principal for the purpose of determining whether a note violates OCGA § 7-4-18.

1. A threshold question to be addressed is whether the provisions of the criminal usury statute have any applicability to a civil action.

Statutes similar and related to OCGA §§ 7-4-2 and 7-4-18 were applied in *Citizens Bank v. Hoyt & Co.*, 25 Ga. App. 222 (102 SE 837) (1920), and *Croom v. Jordan*, 20 Ga. App. 802 (93 SE 538) (1917). We find persuasive and adopt the rationale of those cases, holding that a loan violative of the criminal usury statute is illegal, with the result that the lender forfeits the interest but may collect the principal.

2. The main question here is whether the "origination fee" in this case is to be considered interest for the purposes of OCGA § 7-4-18. The lender, the trial court, and the Court of Appeals were of the opinion that the origination fee should be considered as part of the principal because that is how it would be considered for the purposes of OCGA § 7-4-2. We disagree.

OCGA § 7-4-2 (a) (3) provides:

> As used in this Code section, the term "interest" means a charge for the use of money computed over the term of the contract at the rate stated in the contract or precomputed at a stated rate on the scheduled principal balance or computed in any other way or any other form. Principal includes such charges to which the parties may agree under paragraph (1) of this subsection. Amounts paid or contracted to be paid as either an origination fee or discount points, or both, on any loan secured by an interest in real estate shall not be considered interest and shall not be taken into consideration in the calculation of interest and shall not be subject to rebate as provided in paragraph (1) of subsection (b) of this Code section.

It is clear from the first six words of the quoted paragraph that the definitions therein are specific to that Code section. That those definitions do not apply to OCGA § 7-4-18 is made even clearer by § 7-4-18 (c): "Nothing contained in Code Section 7-4-2 or 7-4-3 shall be construed to amend or modify the provisions of this Code section."

Since it is apparent that the definitions in OCGA § 7-4-2 do not apply to § 7-4-18, we must look to the provisions of the latter section to determine what charges are to be considered interest. OCGA § 7-4-18 (a) prohibits ". . . any rate of interest greater than 5 percent per month, either directly or indirectly, by way of commission for advances, discount, exchange, or the purchase of salary or wages; by notarial or other fees; or by any contract, contrivance, or device whatsoever. . . ." The origination fee on the loan in question was clearly a fee paid for the extension of credit. The disclosure form provided by the lender indicated that the cost of the credit included that fee. Whether it be considered a "commission for advances," part of "other fees," or a "contrivance" or "device," we find the origination fee to be

within the scope of the word "interest" as it is used in OCGA § 7-4-18. That being so, it is to be considered interest and not principal for the purpose of deciding whether the loan at issue here violates § 7-4-18.

3. The loan in this case was for a face amount of $12,310.50. Of that amount, however, $5,800 was the origination fee which we have determined is to be considered interest rather than principal. Subtracting that from the face amount of the loan leaves the principal amount of $6,510.50. The disclosure form given the borrower at the time of executing the loan indicated that the total cost of credit was $14,043.14, the difference between the principal amount of $6,510.50 and the sum of the payments due under the note, $20,553.64. The term of the loan was 36 months, so the amount of simple interest attributable to each month was $390.09 ($14,043.14 divided by 36, rounded to the nearest cent). Dividing the monthly interest ($390.09) by the principal amount of the loan ($6,510.50) reveals that the monthly interest rate was 5.99%, a rate higher than that permitted by OCGA § 7-4-18. It was error, therefore, for the trial court to grant the lender's motion for summary judgment.

The lender argues that the Annual Percentage Rate of 59.83% shown on the disclosure form established conclusively that the loan was not in violation of § 7-4-18 even if the origination fee was included as interest. However, that rate is clearly not simple interest by which usury is measured (see, e.g., OCGA § 7-4-2), and we find no merit in the lender's argument.

4. Since it is clear that the note involved here is illegal, it follows that the interest must be forfeited. See Division 1, supra. The question which now arises is how to define the interest which is to be forfeited. If OCGA § 7-4-18 is to provide the measuring standard, then only the $6,510.50 principal amount of the loan would be enforceable against the borrower. If the standard to be used is that of OCGA § 7-4-2, however, the origination fee of $5,800 would not be considered interest and would be recoverable along with the $6,510.50 of principal. We find the former standard to be more appropriate. It was OCGA § 7-4-18 which the lender violated and we find it logical that it is by that statute's standards that the forfeiture should be measured. We hold, therefore, that only the principal, $6,510.50, would be recoverable by the lender. See *Childs v. Liberty Loan Corp.*, 144 Ga. App. 715 (2) (242 SE2d 354) (1978): " 'One who lends at a usurious rate forfeits the interest *and other charges* for making the loan.' " (Emphasis supplied.) That is not to say, however, that the borrower is entitled to recover the entire difference between $6,510.50 and the sum paid at the foreclosure sale. It is uncontested that the borrower made no payments on the loan and that the lender was put to the expense of a foreclosure sale. Under those circumstances, questions of

fact remain concerning the amount the borrower should recover.

5. Appellant's motion to recuse is denied.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 8, 1990 —
RECONSIDERATION DENIED JULY 3, 1990.

*Sidney L. Moore, Jr.,* for appellant.

*Mark Weber, Karen F. Horner,* for appellee.

*Booth, Wade & Campbell, Douglas N. Campbell, Laura E. Stevenson, William A. Trotter III, Dye, Miller, Tucker & Everitt, A. Rowland Dye, Hull, Towill, Norman & Barrett, David E. Hudson, Mixon, Yow, Waller & Capers, John B. Long,* amici curiae.