Mary M. MOORE, et al., Plaintiffs,

v.

COMFED SAVINGS BANK f/k/a Heritage Savings Bank, et al., Defendants.

Civ. A. No. CV186–78.

United States District Court, S.D. Georgia, Augusta Division.

June 5, 1991.

---

ORDER

BOWEN, District Judge.

The initial complaint in this action was filed on April 21, 1986, by plaintiff Davis Hogan. This complaint was cast as a bilateral class action. Class plaintiffs were Georgia residents who had borrowed money from Landbank Equity Corporation ("Landbank"), giving mortgages on Georgia real estate as security for such loans. Defendants were purchasers of the Georgia Landbank loans in the secondary market. By order dated October 17, 1988, this court certified a class of named plaintiffs with respect to claims of violations of the Georgia usury laws. These claims alleged that the discount points, fees and charges agreed to by borrowers in conjunction with the Landbank loans were excessive and rendered the loans usurious.

On March 6, 1991, the pretrial conference was held in this case. At that time, the court and counsel for the parties determined that remaining issues could be decided by this court as a matter of law. Accordingly, the parties were directed to file a joint stipulation of fact by March 15, 1991, and to file cross-motions for summary judgment by April 12, 1991.

The court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County*, 684 F.2d

1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden upon showing that the adverse party has failed to make a showing sufficient to establish the existence of an element essential to the adverse party's case, and on which the adverse party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If any factual issue is unresolved by the motion for summary judgment, then the Court may not decide that matter. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). The Court must resolve all reasonable doubts in favor of the adverse party. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.,* 655 F.2d 598, 602 (5th Cir.1981). When, however, the moving party's motion for summary judgment pierces the pleadings, the burden then shifts to the adverse party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The adverse party cannot carry this burden by reliance on the pleadings, or by repetition of conclusory allegations contained in the complaint. *Morris v. Ross,* 663 F.2d 1032, 1033 (11th Cir.1981). Rather, the adverse party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. The clerk has given the adverse party notice of the summary judgment motion, the right to file affidavits or other materials in opposition to the motion, and of the consequences of default. *Griffith v. Wainwright,* 772 F.2d 822 (11th Cir.1985). Thus the notice requirement of *Griffith* is satisfied. The parties having submitted any desired responses and materials in support thereof, the case came before the court on June 3, 1991, for oral arguments on the parties' cross-motions for summary judgment. After considering the briefs and oral arguments of the parties, this court stated findings of facts and conclusions of law from the bench. Said findings and conclusions are fully adopted herein.

The joint stipulation of facts presented by the parties on March 15, 1991, provided that the legality of the loans made by Landbank would be judged on the basis of loan documents agreed to be representative of those of the class. Defendants argued that these loans were not usurious under the formula applied by the Supreme Court of Georgia in *Norris v. Sigler Daisy,* 260 Ga. 271, 392 S.E.2d 242 (1990). As stated from the bench, however, the formula used to determine usury in that case is not the only method by which such a determination can be made. The Supreme Court of Georgia did not hold nor indicate that other methods were unavailable by which to determine whether loans were usurious.

In this case, the loans made by Landbank contained such exorbitant charges and were of such an unconventional nature as to be subject to enhanced scrutiny. O.C.G.A. § 7-4-18 provides that it shall be a violation of the criminal usury statute for:

> Any person, company, or corporation [to] reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than 5 percent per month, either directly or indirectly....

Defendants attempt to avoid this statute by arguing that the charges in these loans, when spread over the term of the loan, would amount to less than five percent per month. This argument is unpersuasive and inapplicable in this case where the lender resorted to an unconventional and innovative method of charging for the use of money. The loan documentation provided that the charges were earned at the time the loan was made and were not subject to rebate. Accordingly, during the period from closing to the date of the first payment due under the loan, Landbank charged exorbitantly for the use of money at a rate substantially in excess of five percent per month. Therefore, the loans were clearly usurious and in violation of the Georgia statute.

The court's determination that each of the loans in this case was usurious establishes the liability of defendants. Accordingly, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that the plaintiff class is the prevailing party as to the

issue of liability.[1] The only remaining issues are those related to the proper remedy in the case of the affected class and the individual members thereof. The court will schedule a hearing so that a method for assessing the proper remedy in each case can be determined.

---

1. At this time, this order of summary judgment as to liability will not extend to defendants currently under receivership by the Federal Deposit Insurance Corporation and the Resolution Trust Corporation ("receivership defendants"). Counsel for the parties have represented to the court that settlement discussions are pending between receivership defendants and plaintiffs. These parties are DIRECTED to submit a proposed settlement to the court for approval no

later than close of business June 17, 1991. The court will convene a hearing to consider the liability of the receivership defendants should no proposed settlement be submitted by June 17, 1991.