**IN RE: Hugh D. EVANS, Frances L. Evans, Debtors.**

**Hugh D. EVANS, Frances L. Evans, Movants,**

v.

**AVCO FINANCIAL SERVICES OF GEORGIA, INC., Respondent.**

**Bankruptcy No. 90–11474.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

July 15, 1991.

Terrance P. Leiden, Augusta, Ga., for movants.

Stanley C. House, Augusta, Ga., for respondent.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Hugh D. Evans and Frances L. Evans, debtors in this Chapter 13 proceeding (here-

inafter "debtors"), object to the claim of Avco Financial Services of Georgia, Inc. (hereinafter "Avco"). Avco objects to confirmation of the debtors' plan. Debtors contend their loan with Avco which forms the basis for Avco's proof of claim is usurious. Avco initially contended the debtors' proposed plan attempts to modify Avco's rights as a creditor secured solely by an interest in the debtors' homeplace and further attempts to modify the terms of this loan payable over a period beyond five (5) years.[1] The facts are not disputed. By loan agreement dated May 25, 1988, debtors financed Thirty–Three Thousand Five Hundred Ninety Seven and 60/100 ($33,-597.60) Dollars to be repaid at an agreed upon annual rate of interest of 18.64% payable in 180 monthly payments of Five Hundred Ninety and No/100 ($590.00) Dollars with first payment due July 3, 1988. This loan represented a refinancing of a previous obligation. The "amount financed," as this term was used in the loan documentation, was broken down as follows:

| | |
|---|---|
| Amount paid on previous account No. 745404376 | $25,811.42 |
| Cash received by the debtors | 820.18 |
| Disbursement payable to debtor and Landmark | 4,158.00 |
| Disbursement payable to debtor and Fleet Finance | 600.00 |
| Disbursement payable to debtor and Commercial Credit | 1,729.00 |
| Public officials | 10.00 |
| Equidata: appraisal fee | 185.00 |
| title search and examination | 125.00 |
| title insurance | 85.00 |
| Attorneys fee: Wilson Watkins | 50.00 |
| Intangible tax: Richmond County Tax Commissioner | 24.00 |
| **TOTAL** | **$33,597.60** |

In addition to the "amount financed," debtors were charged a "prepaid finance charge," as identified in the loan documents, of Two Thousand Fifteen and 86/100 ($2,015.86) Dollars. The "prepaid finance charge" was added to the "amount financed" for a total "principal amount of loan," as the term was used in the loan documents, of Thirty–Five Thousand Six Hundred Thirteen and 46/100 ($35,613.46) Dollars. The loan documentation further provided:

If you payoff early, you will not have to pay a penalty; and, you will not be entitled to a refund of part of the finance charge....

Prepayment—although I do not have to pay more than the fixed payments, I have the right to prepay this Note in whole or in part at any time without penalty. The amount required to prepay my loan in full at any point shall be the unpaid Principal plus accrued interest and other charges, if any. The Prepaid Finance Charge is not subject to rebate if I prepay my loan.

Debtors contend the promissory note with Avco violates Georgia's criminal usury statute, Official Code of Georgia Annotated (O.C.G.A.) § 7–4–18. The debtors are correct. O.C.G.A. § 7–4–18 provides in pertinent part:

(a) Any person, company, or corporation who shall reserve, charge, or take for any loan or any advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than 5% per month, either directly or indirectly, by way of commission for advances, discount, exchange or the purchase of salary or wages; by notarial or other fees; or by any contract, contri-

1. In briefs submitted following hearing, Avco concedes it is a creditor secured by collateral in addition to the debtors' homeplace and therefore is not protected under 11 U.S.C. § 1322(b)(2).

vance, or device whatsoever shall be guilty....

(b) This Code section shall not be construed as repealing or impairing the usury laws now existing but shall be construed as being cumulative thereof.

(c) Nothing contained in Code Section 7–4–2 or 7–4–3 shall be construed to amend or modify the provisions of this section.

Avco contends that based upon the Georgia Supreme Court's analysis in *Norris v. Sigler Daisy Corp.*, 260 Ga. 271, 392 S.E.2d 242 (1990), its loan does not violate O.C.G.A. § 7–4–18. In *Norris,* the Georgia Supreme Court determined

> The loan in this case was for a face amount of $12,310.50. Of that amount, however, $5,800 was the origination fee which we have determined is to be considered interest rather than principal. Subtracting that from the face amount of the loan leaves the principal amount of $6,510.50. The disclosure form given the borrower at the time of executing the loan indicated that the total cost of credit was $14,043.14, the difference between the principal amount of $6,510.50 and the sum of the payments due under the note, $20,553.64. The term of the loan was 36 months, so the amount of simple interest attributable to each month was $390.09 ($14,043.14 divided by 36, rounded to the nearest cent). Dividing the monthly interest ($390.09) by the principal amount of the loan ($6,510.50) reveals that the monthly interest rate was 5.99%, a rate higher than permitted by OCGA § 7–14–18.

*Norris,* 242 S.E.2d at 243–44. Applying the *Norris* formula to the present facts results in the following calculation. The principal amount of the loan is $35,613.46. Of that amount, however, $2,015.86 was the prepaid finance charge which, under *Norris,* is considered interest rather than principal. *Id.* 242 S.E.2d at 243. Subtracting the prepaid finance charge from the principal amount of the loan leaves an amount financed of $33,597.60. The total cost of credit was $72,602.40, the difference between the amount financed, $33,-597.60, and the sum of payments due under the note, $106,200.00. The term of the loan

was 180 months. So the amount of simple interest attributable to each month was $403.35 ($72,602.40 divided by 180, rounded to the nearest cent). Dividing the monthly interest ($403.35) by the amount financed ($33,597.60), yields a monthly interest rate of 1.2%, a rate less than the limit imposed by O.C.G.A. § 7–4–18.

In *Norris,* however, the issue was "whether the 'origination fee' ... [was] to be considered interest for purposes of OCGA § 7–4–18." *Id.* The Georgia Supreme Court determined that the origination fee was interest for usury calculations under O.C.G.A. § 7–4–18. Having concluded the origination fee was interest, the court implemented the above formula in reaching its determination that the rate of interest charged over the life of the loan was greater than five percent per month. *Id.* 392 S.E.2d at 244. This analysis justified reversal of the trial court's grant of the lender's motion for summary judgment. Because the figures in *Norris* were such that the rate of interest exceeded five percent per month even when amortized over the life of the loan, the court had no occasion to consider the issue before this court: whether charging a nonrebatable, prepaid finance charge can result in a rate of interest of greater than five percent for the first month of the loan; and if so does this violate O.C.G.A. § 7–4–18.

The District Court for the Southern District of Georgia, Honorable Dudley H. Bowen, Jr., J. recently addressed this precise issue in *Moore v. Comfed Sav. Bank,* case no. CV186–78 (order dated June 5, 1991). *Comfed* involved a complex, bilateral class action, wherein a class of borrowers, as plaintiffs, alleged certain loans owned by the defendants violated O.C.G.A. § 7–4–18. In addition to simple interest, the loan agreements charged plaintiffs "discount points," ranging from 20 to 38 points, which were payable upon the execution of the loans and nonrebatable. Plaintiffs' asserted that if the balance of such a loan was prepaid early enough, the effective interest rate would exceed five percent per month because the discount points constituted interest which could not be spread

out over the life of the loan. The district court determined the discount points rendered the loans usurious under O.C.G.A. § 7–4–18 and granted summary judgment for plaintiffs.

> In this case, the loans ... contained such exorbitant charges and were of such an unconventional nature as to be subject to enhanced scrutiny ... defendants attempt to avoid [O.C.G.A. § 7–4–18] by arguing that the charges in these loans, when spread over the term of the loan, would amount to less than five percent per month. This argument is unpersuasive and inapplicable in this case where the lender resorted to an unconventional and innovative method of charging for the use of money. The loan documentation provided that the charges were earned at the time the loan was made and were not subject to rebate. Accordingly, during the period from closing to date of the first payment due under the loan, [the lender] charged exorbitantly for the use of money at a rate substantially in excess of five percent per month. Therefore, the loans were clearly usurious and in violation of the Georgia statute.

*Comfed, supra,* at 4.[2]

In the case at bar, the lender charged in addition to simple interest a nonrefundable fee of $2,015.86, cast as a "prepaid finance charge," which accrued at the moment the parties executed the loan. If the "prepaid finance charge" is interest rather than a fee for services rendered I must determine if the combination of simple interest charged on the "amount financed" during the first month of the loan plus the unrebatable "prepaid finance charge" result in an interest charge in the first month of the loan in excess of five (5%) percent. *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 842 (11th Cir.1990). Avco does not contend the charge is a fee for services rendered. The "prepaid finance charge" is exactly what it says, a finance charge, a charge to the borrower for use of the lender's money, payable at the origination of the loan. Accordingly, I find the "prepaid finance charge" constitutes "interest" within the meaning of O.C.G.A. § 7–4–18. Because the "prepaid finance charge" accrued immediately and was nonrefundable, the fee constitutes interest applicable exclusively to the first month of the loan. Therefore, the interest in the first month of the loan was $403.35, the amount of simple interest per month, plus the "prepaid finance charge" of $2,015.86, totalling $2,419.21. The total interest for the first month of the loan ($2,419.21) divided by the "amount financed" ($33,597.60) yields interest charged in the first month of the loan of seven (7%) percent. Under O.C.G.A. § 7–4–18, the loan was usurious. A borrower's remedy when charged usurious interest in violation of O.C.G.A. § 7–4–18 is the forfeiture by the lender of all interest charged for the loan. *Norris,* 392 S.E.2d at 244.

The Georgia criminal usury statute is aimed at preventing excessive interest charges regardless of how the parties label the charges in the loan agreement. Permitting a lender to charge nonrefundable fees upon the execution of the loan, yet amortize the charges over the life of the loan in order to come within a perceived sixty (60%) percent per annum interest limitation (5% per month $\times$ 12 mos.), is inherently unfair to the borrower and inconsistent with the purpose of the statute. Where the loan terms include an additional interest charge as defined under O.C.G.A. § 7–4–18 which attaches upon the signing of the note and is nonrebatable upon early pay off or default, the analysis is not on a per annum basis; rather, the analysis is monthly to determine whether in any given

---

**2.** In affirming the district court's denial of a previous motion for summary judgment by defendants, the Eleventh Circuit Court of Appeals recognized the viability of the plaintiffs' argument that the loans at issue could be usurious as a result of discount points charged up front. *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 843 (11th Cir.1990). However, because the issue on appeal was the correctness of the district court's denial of summary judgment, the court of appeals did not address the merits of the usury issue. The court found the record disclosed sufficient facts to support plaintiffs' argument and therefore held a factual issue existed making summary judgment inappropriate. *Id.*

month, the interest charged exceeds five (5%) percent.

It is therefore ORDERED that debtors' objection to AVCO's proof of claim is sustained. Avco will be allowed thirty (30) days to amend its proof of claim deducting from the "amount financed" of $33,597.60 all payments received under the loan. The clerk is directed to schedule a continued confirmation hearing in this case wherein I will resolve remaining matters concerning the debtors' confirmation.