**In re Hattie DENT, Debtor.**

**Hattie DENT, Movant,**

v.

**ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC., Respondent.**

**Bankruptcy No. 90–11411.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Feb. 14, 1992.

Terrance P. Leiden, Terrance P. Leiden & Associates, P.C., and John B. Long, Dye, Tucker, Everitt, Wheale & Long, Augusta, Ga., for debtor.

Mary G. Way, Surrett, Walker, Creson, Way & Coleman, P.A., Augusta, Ga., for respondent.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

■ Hattie Dent, debtor in this Chapter 13 proceeding, objects to the amended proof of claim filed by Associates Financial Services of America, Inc. ("Associates"). The debtor contends that Associates failed to comply with an order of this court dated August 28, 1991 by failing to file an amended proof of claim within fifteen (15) days of the date of the order. Alternatively, the debtor objects to that portion of the amended proof of claim in the amount of Four Thousand Six Hundred Ninety–Four and $^{90}/_{100}$ ($4,694.90) Dollars as attorney's fees sought pursuant to 11 U.S.C. § 506(b). In the order of August 28, 1991, see *Dent v. Associates Equity Services, Co., Inc. (In re: Dent)*, 130 B.R. 623 (Bankr.S.D.Ga. 1991), which order is now final, I found that Associates had violated the Georgia criminal usury statute, Official Code of Georgia Annotated (O.C.G.A.) § 7–4–18, sustained the debtor's objection to the claim and "ORDERED that within fifteen (15) days of the date of this order, Associates shall amend its proof of claim to an amount equal to the 'amount financed' of Twenty–Three Thousand Seven Hundred Fifteen and $^{90}/_{100}$ ($23,715.90) Dollars less all payments received on the loan." The amended proof of claim was filed October 11, 1991 and by an attached exhibit "A" set forth

| | |
|---|---|
| 03/29/89 Amount Financed: | $23,715.90 |
| Less Payments made by debtor prior to filing Ch. 13 case: | $ 5,524.97 |
| | $18,190.93 |
| Plus reasonable attorney fees through September 30, 1991 pursuant to Note, Deed to Secured Debt, and 11 U.S.C. Section 506(b): | $ 4,694.90 |
| Total Amount of Claim: | $22,885.83 |

Counsel representing Associates, who executed the proof of claim on the creditor's behalf, testified that counsel representing the debtor consented to an extension of time to file the amended proof of claim. Counsel representing the debtor testified that he had no recollection of any such

consent.[1] Both admitted to a discussion regarding the order. Assuming that Associates' counsel reasonably believed that debtor's counsel consented to an extension of time to comply with the August 28 order, neither sought an extension from me. The parties are not free to extend by private agreement a bar date established by law or court order. See, *In re: Sonoma V.*, 703 F.2d 429, 432 (9th Cir.1983); *In re: Santos*, 112 B.R. 1001, 1007–08 (9th Cir. BAP 1990). The amended proof of claim was filed beyond the bar date established by the order of August 28. However, an untimely filed amended proof of claim "will be allowed if in the opinion of the [court], such a course is in furtherance of justice." *Dabney v. Addison*, 65 B.R. 348, 351 (E.D.Va.1985) [quoting *Scottsville Nat. Bank v. Gilmer*, 37 F.2d 227, 229 (4th Cir.1930) ]. "[A]n amended filing of proofs of claim after the expiration of time will be permitted so long as there is already sufficient notice of the claim in the bankruptcy proceedings." *Dabney, supra,* at 351. In this case Associates timely filed a proof of claim. Debtor objected to the claim and the objection was sustained. There was sufficient notice of the claim in this bankruptcy proceeding. The allowance of a claim by Associates was not an issue in the initial objection. What was at issue was the amount to be allowed.

■ "There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). "[I]n the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done...." *Pepper v. Litton*, 308 U.S. 295, 307–08, 60 S.Ct. 238, 246, 84 L.Ed. 281 (1939). Although the parties do not have the authority to extend a bar date issued by the court, the fact that Associates (1) had timely filed its initial proof of claim, (2) the debtor had notice of the claim to which it objected, and (3) the issue litigated in the initial objection was not the allowability of the claim but the amount to be allowed, the amended claim should be allowed even in light of the fact that the creditor, Associates, is responsible for violating Georgia's criminal usury statute.

Having determined the amended claim is allowed I must now resolve the debtor's current objection as to the amount of the claim. Specifically, the debtor objects to the attorney's fees component in the amount of Four Thousand Six Hundred Ninety–Four and 90/100 ($4,694.90) Dollars. Associates relies upon 11 U.S.C. § 506(b) for its claimed fees.[2] The parties do not dispute that Associates is an oversecured creditor. Further, the parties do not dispute that the note and security agreement evidencing the indebtedness provides "I will pay court costs and reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness if you hire an attorney to: (1) collect this loan; (2) protect your interest in the property I have given to assure payment of this loan," and that the deed to secure debt given to secure the indebtedness provides that upon default and foreclosure, "[t]he proceeds of any such [foreclosure] sale shall be applied first on the costs and expense of such sale and the indebtedness hereby secured, including reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness...." But for the order of August 28, the plain language of § 506(b), *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the undisputed facts that Associates is an oversecured

---

1. As counsel representing the debtor in the first objection to claim was required to testify, other counsel was retained for this hearing. Different counsel represented Associates in filing the proof of claim and in this and the previous objection to claim hearings.

2. 11 U.S.C. § 506(b) provides:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

creditor, and the note, security agreement, and deed to secure debt evidencing the indebtedness provide for attorney's fees, attorney's fees would be allowable to an extent determined reasonable.

By the August 28 order, I determined that Associates violated Georgia's criminal usury statute, O.C.G.A. § 7–4–18. "Fees, costs and charges are not allowable under section 506(b), notwithstanding the existing of adequate collateral, in the absence of any contractual entitlement thereto." 3 *Collier on Bankruptcy,* ¶ 506.05, 506–42 (L. King 15th ed. 1991). The allowance of attorney's fees pursuant to § 506(b) raises two issues. First, I must determine the validity of the provision providing for the payment of attorney's fees. Second, if I determine the provision to be valid, I must apply the standards for determining the reasonableness of such attorney's fees in light of the order of August 28 determining Associates to be a usurer.

▮▮▮ Federal law applies in determining the validity of such attorney's fees provisions for § 506(b) purposes. See, *Joseph F. Sanson Inv. Co. v. 268 Limited* (*In re: 268 Limited*), 789 F.2d 674 (9th Cir. 1986); *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc.* (*In re: Hudson Shipbuilders, Inc.*), 794 F.2d 1051 (5th Cir. 1986); *Unsecured Creditors' Committee v. Walter E. Heller & Co. S.E.* (*In re: K.H. Stephenson Supply Co.*), 768 F.2d 580 (4th Cir.1985); *ITT Industrial Credit Co. v. Scarboro* (*In re: Scarboro*), 13 B.R. 439 (M.D.Ga.1981); *In re: Centre Court Apartments Ltd.,* 85 B.R. 651 (Bankr. N.D.Ga.1988); *First Federal Savings & Loan Association of Warner Robins v. Standard Building Associates, Ltd.* (*In re: Standard Building Associates, Ltd.*), 85 B.R. 644 (Bankr.N.D.Ga.1988). To determine under federal law whether this claim for attorney's fees is allowable, § 506(b)

must be read in conjunction with 11 U.S.C. § 502(b)(1), which provides

> except as provided by sections [inapplicable to matters now under consideration], if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for any reason other than because such claim is contingent or unmatured;

"If a claim for attorney fees would be unenforceable against the debtor 'under any agreement or applicable law' outside of bankruptcy, then the addition of attorney fees to the creditor's claim is not allowable in the Chapter 13 case." 3 *Norton Bankr.L. & Prac.,* § 76.13, 53 (Wm. L. Norton, Jr. 1991). Section 506(b) requires a determination first under § 502 that the claim is allowed, "[t]o the extent that an *allowed* secured claim...." [3] 11 U.S.C. § 506(b) (emphasis added). Federal law disallows any claim which is unenforceable pursuant to applicable law. 11 U.S.C. § 502(b)(1). Section 506(b) requires not only that the secured claim be allowed and oversecured but also that the attorney fees be "provided for under the agreement under which such claim arose." "Contract provisions calling for attorney fees are strictly construed against the creditor. If there is an underlying defect in the contractual relationship between the debtor and the creditor—for example, if the underlying contract is usurious—the creditor is not permitted to recover a claim for attorney fees." 3 *Norton Bankr.L & Prac.,* § 76.13, 53 (Wm. L. Norton, Jr. 1991). See

---

**3.** The Supreme Court has determined that "allowed secured claim" in § 506(d) should not be read as an indivisible term of art defined under § 506(a), but should be read, for § 506(d) purposes, term-by-term to determine that the claim is first, allowed, and second, secured. *Dewsnup v. Timm, et al,* — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In following the *Dewsnup* approach in analyzing "allowed secured claim

for 506(b) purposes," I am cognizant of the Court's admonition at footnote 3, 112 S.Ct. at 778, "[a]ccordingly, we express no opinion as to whether the words 'allowed secured claim' have different meaning in other provisions of the Bankruptcy Code." However, the *Dewsnup* analysis of "allowed secured claim" gives compatible meaning to both § 502 and § 506.

also, *Wolfe v. Ebert,* 37 B.R. 934 (D.S.C. 1983). In this case, the applicable law is O.C.G.A. § 7–4–18 and the Georgia Supreme Court's determination as to the penalty for a violation of this statute. *Norris v. Sigler Daisy Corp.,* 260 Ga. 271, 392 S.E.2d 242 (Ga.1990). Having determined criminal usury, only the principal is recoverable by Associates. *Id.* See also, *Dent, supra; In re: Evans,* 130 B.R. 357 (Bankr. S.D.Ga.1991). The attorney's fees provision of the note, security agreement and deed to secure debt are unenforceable. Therefore, under § 506 there is no enforceable provision for recovery of attorney's fees.

Even if under federal law, § 506(b) is to be read and applied without reference to § 502, see 3 *Collier on Bankruptcy,* ¶ 506.05 (L. King 15th ed. 1990), thereby determining pursuant to § 506(b) and the undisputed facts that reasonable attorney's fees are allowable, the extent that the requested fees are "reasonable," must be resolved. Are any attorney's fees claimed by a creditor responsible for criminal usury "reasonable"? No. In support of its application, Associates submitted time records of counsel. The vast majority of the time spent was in its unsuccessful defense against the usury objection to the claim and Associates' unsuccessful objection to confirmation and motion for relief from stay. In addition to a technical analysis as to the time spent by counsel on the matter under consideration and the hourly rate of compensation sought, *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988), "reasonableness" contemplates simple fairness, equity. The same equitable principles governing the exercise of bankruptcy jurisdiction which authorize the allowance of the amended proof of claim now under consideration, requires the striking of any claimed attorney's fees. To require a debtor seeking financial rehabilitation through Chapter 13 who successfully establishes that the creditor's claim is criminally usurious to bear the usurer's legal fees is the very antithesis of that which strikes the ordinary conscience and sense of justice as being fair, right and equitable. It is therefore ORDERED that the debtor's objection to the claim of Associates is sustained as to the claimed attorney's fees. The amount of allowed proof of claim is ORDERED reduced to Eighteen Thousand One Hundred Ninety and 93/100 ($18,190.93) Dollars.