A92A1984. COHEN v. NORTHSIDE BANK & TRUST
COMPANY.
A92A1985. LEVENTHAL v. NORTHSIDE BANK & TRUST
COMPANY.
(428 SE2d 354)

McMURRAY, Presiding Judge.

Plaintiff The Northside Bank & Trust Company filed this suit on a note against defendants Cohen, Marett, and Leventhal. The note dated December 11, 1989, provided for a loan in the principal amount of $163,850 and a finance charge of $21,300.50, an annual percentage rate of 13 percent. The principal was to be repaid on December 11, 1990, and interest was payable monthly beginning January 11, 1990. The three defendants attended the closing of the transaction at plaintiff's place of business. All three of the defendants signed the note and endorsed a check for the principal amount of the loan. Defendant Marett exchanged the endorsed check for two new checks in the amounts of $145,000 and $18,850. The smaller check was deposited with plaintiff in a pledged savings account in Marett's name from which the monthly interest payments on the loan were withdrawn. This action resulted after the scheduled repayment of the principal of

the loan was not made and defendants failed to respond to plaintiff's demands for payment. Defendants Cohen and Leventhal separately appeal from the grant of summary judgment in favor of plaintiff against all three defendants. *Held:*

1. Both Cohen and Leventhal maintain that they were accommodation makers of the note, and that as such, they were discharged by virtue of plaintiff's conduct. Even though Cohen and Leventhal are liable under the note they executed as co-makers (*Brice v. Northwest Georgia Bank*, 186 Ga. App. 871, 872 (368 SE2d 816)), they may establish by parol evidence that the true capacity in which they executed the note was as accommodation parties and thereby establish their rights as sureties. *Spillers v. First South Bank*, 185 Ga. App. 580, 582 (365 SE2d 151); *Bank South v. Jones*, 185 Ga. App. 125, 126 (1) (364 SE2d 281); *Bank of Terrell v. Webb*, 177 Ga. App. 715 (1) (341 SE2d 258); *Deems v. Wilson*, 114 Ga. App. 341 (1) (151 SE2d 230). "While knowledge that an accommodation party is an accommodation party does not lessen the liability of the accommodation party, it subjects the holder who does not have the rights of a holder in due course to the danger that his conduct with respect to the accommodated party may discharge the accommodation party in accordance with principles of suretyship law." Anderson, Uniform Commercial Code § 3-415:25, pp. 356, 357 (3rd ed.).

Cohen and Leventhal present two arguments in support of their contention that they were discharged by plaintiff's conduct. Both arguments relate to the arrangement for the use of the pledged savings account. First, they argue that they were exposed to increased risk in that Marett was permitted to borrow the funds used to pay monthly interest rather than pay the interest out of his own funds. OCGA § 10-7-22. Secondly, they argue that the arrangement for use of the pledged savings account amounted to a change in the terms for the repayment of the note and thus a novation which discharged them in the absence of their consent to the change. OCGA § 10-7-21. Both of these arguments are couched in terms of suggesting that the arrangement for use of the pledged savings account amounted to a deviation from the terms of the note as agreed to by Cohen and Leventhal. However, the evidence shows no deviation from the terms of the note and we find no conflict between the terms of the note and the arrangement at issue. The state court did not err in concluding that no issue concerning the discharge defenses remained for jury determination.

2. Cohen and Leventhal also contend that genuine issues of material fact exist as to whether the note is usurious. This contention is predicated on the assumption that the $18,850 deposited in a pledged savings account in Marett's name was a prepayment of interest. Based on this assumption, it is argued that such a prepayment of the

principal would cause the interest rate to exceed the five percent per month allowed under OCGA § 7-4-18. See in this connection *In re Evans*, 130 BR 357 (Bkrtcy. S. D. Ga. 1991) and *Norris v. Sigler Daisy Corp.*, 260 Ga. 271 (392 SE2d 242) for explanations of the math and law involved. In *In re Evans*, the bankruptcy court found that a nonrebatable prepaid finance charge resulted in a rate of interest greater than five percent for the first month. While Cohen and Leventhal suggest that a factual question is presented in the case sub judice as to whether "the prepaid interest or 'interest reserve' would be refundable if the loan in the case at bar were paid in full shortly after its inception," this view avoids the factual distinctions between *In re Evans* and the present case. Even if the pledged savings account might arguably constitute a reserve such as described in OCGA § 7-4-18 (a), it does not constitute a prepayment since the funds were held in Marett's name, and indeed, he drew interest on the funds deposited in the account. Since there was no prepayment of interest, there is no question as to whether such a prepayment would be refundable in the cases sub judice. On this basis, *In re Evans* may be distinguished on the facts and it may be concluded that the funds in the pledged savings account, or reserve, would remain in Marett's name upon any prepayment of the loan principal so that, in order to determine compliance with OCGA § 7-4-18, these funds should be amortized over the life of the loan as was done in *Norris v. Sigler Daisy Corp.*, 260 Ga. 271, supra. When these calculations are made, it is apparent that there is no violation of OCGA § 7-4-18.

3. Finally, Cohen contends that genuine issues of material fact remain as to his defense that he had been fraudulently induced to sign the note. No actual misrepresentations on the part of plaintiff are alleged or proven. Cohen's defense of fraud is predicated on the silence of plaintiff, that is, the failure of plaintiff to disclose the plan to establish the pledged savings account as a reserve from which interest payments would be made and to reveal that the loan proceeds were to be used by Marett for living expenses. "Suppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. However, in the case sub judice, there were no circumstances as would create a confidential relationship between plaintiff and Cohen so as to impose upon plaintiff a duty to disclose any knowledge it had as to the matters at issue. *Curtis v. First Nat. Bank of Commerce*, 158 Ga. App. 379, 380-381 (1) (280 SE2d 404); *Boatman v. Citizens &c. Nat. Bank*, 155 Ga. App. 848, 850 (2) (273 SE2d 190); *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 757 (250 SE2d 155). The state court did not err in granting plaintiff's motion for summary judgment.

*Judgments affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1993 —
RECONSIDERATION DENIED FEBRUARY 26, 1993 — 

*Small, White & Marani, Gus H. Small, Jr., William J. Reedy, Karen F. White,* for Cohen.

Ronald S. Leventhal, *pro se.*

*Glass, McCullough, Sherrill & Harrold, R. Phillip Shinall III, Thomas K. Carroll, Jr., Deborah L. Britt,* for appellee.