**In re Carol CENTER, Debtor.**

**No. 02–10288–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

Sept. 10, 2002.

Mark E. Cornell, Concord, NH, for Debtor.

Charles W. Gallagher, Haughey, Philpot & Laurent, P.A., Laconia, NH, for Chase Manhattan Mortgage Corporation.

*MEMORANDUM OPINION*

J. MICHAEL DEASY, Bankruptcy
Judge.

## I. INTRODUCTION

On July 19, 2002, the Court held a hearing on an Objection to the Proof of Claim of Chase Manhattan Mortgage Corporation (hereinafter the "Objection"). After hearing from all parties the Court established a post-hearing briefing schedule and took a portion of the matter under submission.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on January 29, 2002. On March 13, 2002, Chase Manhattan Mortgage Corporation ("Chase") filed a proof of claim alleging that it had a secured claim of $85,871.34, of which $6,033.48 was identified as prepetition arrearage. *See* Proof of Claim 10. Chase's claim is secured by a lien on the Debtor's personal residence. Included within the proof of claim were fees and costs of $1,075.00 related to a prepetition foreclosure action [1] and $800.00 in fees related to the bankruptcy proceedings.[2] *Id.*

On May 13, 2002, the Debtor filed her Objection. *See* Doc. No. 12. First, the Debtor contends that Chase's promissory note and mortgage do not comply with the provisions of New Hampshire Revised Statutes Annotated ("RSA") 361–C regarding collection of attorneys' fees in consumer retail installment contracts and, therefore, the $850.00 prepetition foreclosure attorneys' fees are not allowable as part of Chase's secured claim.[3] Second, the Debtor states that notwithstanding the failure of the promissory note and mortgage to comply with applicable state law regarding attorneys' fees in consumer transactions, Chase is entitled to reasonable attorneys' fees under 11 U.S.C. § 506(b)[4] for work done between the commencement of the case and confirmation of the Chapter 13 plan, but argues that the $800.00 in fees sought by Chase are unreasonable.

In response, Chase argues that it is entitled to prepetition attorneys' fees, as provided in its promissory note, because

---

1. The parties agree that this charge consists of $850.00 in attorneys' fees and $225.00 in costs paid for an abstract of title.

2. Chase has included the $800.00 claim for attorneys fees for bankruptcy services within that portion of its claim identified as "prepetition arrearage." The inclusion of this amount under that heading appears to be erroneous. However, this error does not appear to be material to the matter under consideration.

3. RSA 361–C:2 provides:
   If a retail installment contract or evidence of indebtedness provides for attorney's fees to be awarded to the retail seller, lender or creditor in any action, suit or proceeding against the retail buyer, borrower or debtor involving the sale, loan or extension of credit, such contract or evidence of indebtedness shall also provide:
   I. Reasonable attorney's fees shall be awarded to the buyer, borrower or debtor if he prevails in
   (a) Any action, suit or proceeding brought by the retail seller, lendor or creditor; or
   (b) An action brought by the buyer, borrower or debtor; . . . .

4. All references are to Title 11 of the United States Bankruptcy Code unless otherwise indicated.

RSA 361–C does not apply to claims for attorneys' fees outside of an "action, suit or proceeding." Since its fees were incurred in connection with a non-judicial mortgage foreclosure under the statutory power of sale Chase argues that the statute does not apply.[5] In addition, Chase contends that such fees are permissible because applicable state mortgage law, RSA 489:18, requires the payment of such fees as a condition of redemption. Chase also believes that $800.00 in postpetition pre-confirmation attorneys' fees is reasonable and should be allowed.

The parties agree that the value of the collateral securing Chase's claim exceeds the amount of the claim if it were to be allowed in full and that the amount of Chase's claim for prepetition attorneys' fees is reasonable. The parties also agree that a prior unreported decision in this district, *In re Colby*, 2000 BNH 033, 2000 WL 33681421, does not apply to the issues in this proceeding because that case dealt with an oversecured creditor's right to claim post-confirmation attorneys' fees and expenses. In *Colby*, Chief Judge Vaughn applied the rationale of *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993),[6] to a claim for post-confirmation attorneys' fees by the holder of a mortgage on a debtor's personal residence and held that outside of section 506(b) the right of a creditor to collect post-confirmation fees is determined under applicable state law. *Colby*, 2000 BNH 033, 4 (citing *Butner v. U.S.*, 440 U.S. 48, 53, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). After finding that RSA 361–C applied to the attorneys' fees provisions of a promissory note in a residential mortgage transaction, Chief Judge Vaughn held that the promissory note did not provide the mortgagor with a reciprocal right to attorneys' fees, as required by RSA 361–C, and disallowed post-confirmation attorneys' fees.

## III. DISCUSSION

In this case, the Debtor seeks to apply the rationale of the *Colby* decision to Chase's claim for prepetition attorneys' fees. Accordingly, the Court will first address the issue of whether section 506(b) affects the allowance of Chase's prepetition attorneys' fees. Next the Court will examine the reasonableness of Chase's claims for any attorneys' fees allowable under section 506(b).

### A. Oversecured Claims and Section 506(b)

The basic rule in bankruptcy proceedings is that creditor claims are allowable as of the petition date, so long as such claims are enforceable against the debtor and property of the debtor, and do not include postpetition interest. *See U.S. v. Robinson (In re D.C. Sullivan & Co., Inc.)*, 929 F.2d 1, 2 (1st Cir.1991); 11 U.S.C. § 502(b)(1). However, section 506(b) provides an exception to the basic rule for over secured creditors. Section 506(b) provides that

> To the extent that an allowed secured claim is secured by property the value of which . . ., is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or

---

**5.** It was agreed by the parties that Chase's argument that RSA 361–C:1 did not apply to attorneys' fees incurred in foreclosing under the statutory power of sale would be preserved pending the outcome of the Court's decision on the matters discussed in this opinion.

**6.** In *Rake v. Wade* the United States Supreme Court held that the rights of an oversecured creditor to an allowance of interest accruing postpetition only applied until confirmation of a plan. *Rake* at 468.

charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). Section 506(b) establishes a different standard for the allowance of the claims of oversecured creditors. Under section 506(b) the claims of oversecured creditors may include interest and "reasonable fees, costs and charges," incurred both before and after the petition date, so long as such interest and fees are "provided for under the agreement." Section 506(b) itself does not include any requirement that the agreement regarding such interest and fees be enforceable against the debtor.

■ There is a split of authority on the issue of whether state law governs the enforceability of attorneys' fees provisions in "agreements" under section 506(b). A majority of courts, including all of the circuit courts of appeal that have considered the issue, hold that an attorneys' fee provision that is otherwise unenforceable under state law may still form the basis for allowance of a claim for attorneys' fees under section 506(b). *In re Welzel,* 275 F.3d 1308, 1313 (11th Cir.2001) (Congress intended to alter the traditional relation between federal and state law when it enacted section 506(b)); *First W. Bank & Trust v. Drewes (In re Schriock Constr., Inc.),* 104 F.3d 200, 202 (8th Cir.1997) (allowing attorneys' fees although state statute expressly stated that attorneys' fees provisions in an instrument were against public policy and void); *Joseph F. Sanson Inv. Co. v. 268 Ltd.,* 789 F.2d 674, 675 (9th Cir.1986) (section 506(b) preempts state law governing the availability of attorneys' fees as part of a secured claim); *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc. (In re Hudson Shipbuilders, Inc.),* 794 F.2d 1051, 1056 (5th Cir.1986) (federal law governs enforcement of attorneys' fees provisions notwithstanding contrary state law); *Unsecured Creditors' Comm. v. Walter E. Heller & Co. Southeast, Inc. (In re K.H. Stephenson Supply Co.),* 768 F.2d 580, 585 (4th Cir.1985) (Congress intended to abrogate preexisting requirement that attorneys' fee agreements were enforceable only in accordance with state law).

A minority of courts have held to the contrary. *Dent v. Assoc. Fin. Svcs. of Am., Inc. (In re Dent),* 137 B.R. 78, 81 (Bankr.S.D.Ga.1992) (section 506(b) must be read in conjunction with section 502(b)(1) which requires that a claim must be enforceable under applicable state law to be allowed); *Ferrari v. Barclays Am./ Bus. Credit, Inc. (In re Morse Tool, Inc.),* 87 B.R. 745, 748 (Bankr.D.Mass.1988) (section 506(b) does not create an exception to the requirement that the validity of claims should be determined under applicable state law); *Independence Bank v. Dye Master Realty, Inc. (In re Dye Master Realty, Inc.),* 15 B.R. 932, 935–36 (Bankr. W.D.N.C.1981) (validity and construction of contracts stipulating attorneys' fees is a question of state law); *Mellon Bank, N.A. v. Sholos (In re Sholos),* 11 B.R. 782, 784 (Bankr.W.D.Pa.1981) (entitlement to fees under section 506(b) is subject to collectibility under local law). The Debtor contends that the minority position, that attorneys' fees provisions must comply with state law to be enforceable under section 506(b), is the better rule.

■ After consideration of the arguments of the parties and a review of precedent, this Court agrees with the majority view and holds that section 506(b) preempts state law with respect to the addition to an allowed secured claim in a bankruptcy proceeding of interest and reasonable fees, costs or charges provided for under the agreement under which such claim arose when the value of the collateral securing the claim exceeds the amount of the claim. Therefore, the starting point for the application of section 506(b), "an

allowed secured claim," would still be determined by applicable state law (i.e., whether the security interest is valid and perfected). However, the addition of interest and reasonable fees, costs and other charges to the amount of an allowed secured claim under section 506(b) is determined solely by federal law.

This Court's holding is based upon a number of factors. First, the plain language of section 506(b) supports the holding. Section 506(b) makes no reference to state law. The Bankruptcy Code contains many examples that reveal that when Congress intends for applicable state law to apply in bankruptcy proceedings it clearly expresses that intent. *See Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (citing numerous Bankruptcy Code provisions which specifically reference state law). The absence of such language in section 506(b) is an indication that Congress did not intend for state law to affect the application of that subsection. *Id.; In re Shangra–La, Inc.*, 167 F.3d 843, 851 (4th Cir.1999) (distinguishing between section 506(b), which created a right to attorneys' fees independent of state law, and section 365(b)(1)(B) which refers only to pecuniary loss and does not preempt the need to apply state law to determine the award of attorneys' fees).

Second, the majority view is in accord with the legislative history of section 506(b). The legislative history has been extensively discussed in several previous opinions and will not be repeated here. *See 268 Ltd.*, 789 F.2d at 676–77; *Stephenson Supply*, 768 F.2d at 582–85. This Court's review of the legislative history leads it to the conclusion that Congress intended for section 506(b) to preempt state law with respect to the allowance of attorneys' fees in oversecured claims in bankruptcy proceedings.

Third, the five circuits that have addressed the relation between state law and section 506(b) have unanimously concluded "that the plain language of that subsection requires that contractually set [attorneys'] fees be assessed for reasonableness, irrespective of their status under state law." *Welzel*, 275 F.3d at 1315. Such unanimity is not controlling, but is persuasive.

Fourth, the cases cited by the Debtor are not persuasive. Two of the cases cited by the Debtor were decided shortly after the enactment of the Bankruptcy Code and are grounded in pre-code law. *See Dye Master Realty, Inc.*, 15 B.R. at 935–36 (citing *ITT Indus. Credit Co. v. Hughes*, 594 F.2d 384 (4th Cir.1979)); *Sholos*, 11 B.R. at 784–85 (citing *Manufacturers' Fin. Co. v. McKey*, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982 (1935)). The other two cases cited by the Debtor reach similar conclusions and read section 506(b) to require that contractual attorneys' fee provisions first be "allowed" under section 502 and only then subject to the reasonableness test under section 506(b). *See Dent*, 137 B.R. at 81; *Morse Tool*, 87 B.R. at 748. The Court finds the decision in *Morse Tool* to be well reasoned. However, subsequent decisions in the First Circuit have declined to follow its reasoning. *See In re 1095 Commonwealth Corp.*, 236 B.R. 530, 536 (D.Mass.1999); *In re Kalian*, 178 B.R. 308, 317 (Bankr.D.R.I.1995); *In re A.J. Lane & Co., Inc.*, 113 B.R. 821, 825 (Bankr.D.Mass. 1990).

In *A.J. Lane*, Judge Queenan pointed out that prior to the Bankruptcy Code the Bankruptcy Act had no express requirement that fees, costs or charges assessed by secured lenders be reasonable. *A.J. Lane*, 113 B.R. at 824. He found the inclusion of the reasonableness requirement in section 506(b) to be a significant indicator of an intention to impose a single federal standard. In addition, Judge

Queenan noted that under the Bankruptcy Code, claims for fees, costs or charges which are senior to general unsecured claims receive special scrutiny. Only "actual necessary costs and expenses of preserving the estate are granted a first priority under section 503(b)(1)(A)." *Id.* The fees of attorneys and other professionals retained with court approval must be reasonable. *See* 11 U.S.C. §§ 330(a)(1) and 503(b)(2). The application of a single federal standard to the scrutiny of priority charges against the estate is central to the bankruptcy policy favoring a fair and equitable distribution to creditors. *A.J. Lane,* 113 B.R. at 824. He concluded that since the fees, costs and charges assessed by oversecured creditors is senior even to first priority claims it makes sense to apply a single federal standard to their allowance. *Id.* The Court agrees with and adopts Judge Queenan's reasoning.

### B. Prepetition Foreclosure Fees

Having found that section 506(b) preempts RSA 361–C:2, and in view of the Debtor's agreement that Chase's $850.00 claim for prepetition attorneys' fees is reasonable, the Court finds that the Debtor's objection to those fees is without merit and is overruled.

### C. Postpetition Bankruptcy Fees

■ Section 506(b) requires the Court to review the amount of an oversecured creditor's attorneys' fees to be included in an allowed secured claim to insure that they are reasonable. The purpose of the reasonableness requirement is to insure that an oversecured creditor is not given a blank check to incur attorneys' fees which will be reimbursed out of its collateral. "If proper restraint is not exercised, the costs of any 'overlawyering' should be borne by the Creditor, rather than Debtors." *In re Staggie,* 255 B.R. 48, 54 (Bankr.D.Idaho 2000). The reasonableness requirement in section 506(b) imposes a standard that is essentially vague and ambiguous. "The court must determine the reasonableness based on all relevant factors and whether the creditor reasonably believed that the steps taken were necessary to protect its interests . . ." *Id.*

■ "It is well established in this circuit that a reasonable [attorneys'] fee will first be computed in accordance with the 'lodestar' method, i.e. a reasonable hourly rate applied to reasonable hours expended in rendering the necessary services." *In re Elmendorf Board Corp.,* 57 B.R. 580, 584 (Bankr.D.N.H.1986) (citing *Boston & Maine Corp. v. Moore,* 776 F.2d 2 (1st Cir.1985)); *see also Lipsett v. Blanco,* 975 F.2d 934 (1st Cir.1992). The lodestar method consists of calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Lipsett,* 975 F.2d at 937. To determine a reasonable number of hours, the Court takes the party's submitted time and then subtracts from that figure all hours which are duplicative, unproductive, excessive or otherwise unnecessary. *Id.* The Court then applies hourly rates to each billed task "taking into account the prevailing rates in the community for comparably qualified attorneys." *Id.* (quoting *United States v. Metro. Dist. Comm'n,* 847 F.2d 12, 19 (1st Cir.1988)). Once established, the lodestar represents a presumptively reasonable fee. *Id.* That fee may then be modified, upward or downward, based upon consideration of some or all of the twelve factors first announced in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Id.* at 941–43; *In re Public Service Co. of New Hampshire,* 160 B.R. 404, 413 (Bankr.D.N.H.1993).

Here, the Debtor has conceded that at least 2.7 hours expended by counsel for Chase in the bankruptcy proceeding are

reasonable. The Debtor has not objected to the hourly rate of $125.00 and the Court finds that the rate is well within the reasonable range. Based upon the $125.00 an hour rate charged by the counsel for Chase, the total uncontested legal fees are $337.50. Accordingly, the Debtor is asking the Court to determine whether the remaining $462.50, or 3.7 hours of attorney time is reasonable.

Chase has not submitted detailed time records to support its claim for $800.00 in postpetition attorneys' fees. However, Chase has represented to this Court, through its Memorandum of Law and Reply Memorandum of Law (the "Memoranda"), that it actually expended more than 31 hours on this bankruptcy proceeding to date. While the Court would ordinarily decline to determine the reasonableness of fees in the absence of detailed time records to support the lodestar analysis, in this case the Court is satisfied that the time reasonably expended by counsel for Chase in preparing for and appearing at the hearing on the Objection and the preparation of the Memoranda would clearly equal or exceed the 3.7 hours of time contested by the Debtor. Accordingly, on the facts of this case, no further documentation is necessary to support Chase's request for $800.00 in postpetition attorneys' fees.[7]

The Debtor contends that a secured creditor should not be able to use time spent justifying their legal fees to justify the original amount of attorneys' fees requested. While this might have appeal at first blush, the facts of this case indicate otherwise. Here, Chase was forced to defend its claim against the Debtor's attack on its attorneys' fees. This is not a case of a party litigating for the sake of litigating. The issue being litigated, the above-mentioned 506(b) dispute, is not within the realm of well-settled law in this district or circuit. Furthermore, the 506(b) dispute involved potential repercussions for Chase beyond this case if it had lost.

Accordingly the Court finds that $800.00 in postpetition attorneys' fees in this case is reasonable.

## IV. CONCLUSION

The Court holds that section 506(b) of the Bankruptcy Code preempts state law with respect to the enforceability of an attorneys' fee provision contained in an agreement under which a creditor's claim arises. Therefore, federal law governs whether interest, attorneys' fees, costs, and other charges may be added to a creditor's allowed secured claim. Because the Court finds that the prepetition attorneys' fees and postpetition attorneys' fees sought by Chase in its proof of claim are reasonable, the Debtor's Objection is overruled and Chase's claim is allowed.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

---

7. Chase has indicated that it may seek to amend its claim to include additional postpetition attorneys' fees. Consideration of any such amendment will require the Court to review detailed time and billing records for all postpetition fees under the lodestar method.