James **BAILEY, Robin A. Bailey, and Eddie Howard, on behalf of themselves and all other persons similarly situated, Plaintiffs,**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., Defendants.**

**Civ. A. No. CV 186–078.**

United States District Court, S.D. Georgia, Augusta Division.

March 28, 1994.

David E. Hudson, Hull, Towill, Norman & Barrett, John B. Long, Dye, Miller, Tucker & Everitt, Thomas William Tucker, Dye, Tucker, Everitt, Wheale & Long, Augusta, GA, for plaintiffs.

Thomas S. Richey, Powell, Goldstein, Frazer & Murphy, G. Patrick Watson, Atlanta, GA, for Comfed Sav. Bank, First Federal Sav. & Loan of Seminole County, Resolution Trust Corp., F.D.I.C., Mid–America Federal Sav. and Loan Ass'n.

Douglas N. Campbell, Laura Ellen Stevenson, Booth, Wade & Campbell, Atlanta, GA, for Federal Nat. Mortg. Ass'n, First Federal Sav. & Loan Ass'n of Walterboro, Geico Financial Services, Inc.

William Augustus Trotter, III, Augusta, GA, for Republic Sav. & Loan Ass'n, Southeast Mortg. Corp.

### *ORDER*

BOWEN, District Judge.

On October 17, 1988, the Court certified this case as a Georgia usury class action. The Defendants Federal National Mortgage Association, First Federal Savings Association of Walterboro, GEICO Financial Services, Inc. (formerly known as Government Employees Corporation), Republic Security Bank and Southeast Mortgage Corporation ["Defendants"] have filed counterclaims against certain class plaintiffs who are in default of their obligations under the loan transactions which form the basis for plaintiffs' usury claims. In 1991, the plaintiffs and the Defendants filed cross-motions for summary judgment as to the existence *vel non* of usury in plaintiffs' loan notes. On June 5, 1991, this Court denied Defendants' motions for summary judgment and granted summary judgment in favor of the plaintiffs as to the liability aspect of their Georgia usury claims. On November 26, 1990, the Court entered an order which (1) enjoined Defendants from accelerating or foreclosing plaintiffs' loans without approval of the Court, and (2) required Defendants to pay sums collected on plaintiffs' loans into the Registry of the Court.

Presently pending before the Court are Defendants' motions requesting that the

Court reconsider and vacate its June 5, 1991, 777 F.Supp. 960, and November 26, 1990, orders, described above, and instead grant summary judgment in favor of Defendants. Also pending before the Court is plaintiffs' motion to amend their complaint to add a fourth count asserting that their loans are unconscionable.

The Court scheduled a status conference in this case for March 16, 1994. At that conference, counsel for all parties agreed that it was appropriate for the Court to hear at that time argument on all of the pending motions, which had been fully briefed and were ripe for decision. After consideration of the record, the briefs of the parties and the arguments of counsel as presented at the hearing on March 16, it is hereby

ORDERED:

(1) That the Court's Order of June 5, 1991, ruling on the parties' cross-motions for summary judgment be, and the same hereby is, VACATED; and

(2) That the Court's November 26, 1990, injunction order be, and the same hereby is, VACATED; and

(3) That summary judgment be, and the same hereby is, GRANTED in favor of Defendants against plaintiffs as to all of plaintiffs' claims against Defendants, *Johnson et al. v. Fleet Finance et al.*, 4 F.3d 946 (11th Cir.1993); *Fleet Finance, Inc. of Georgia v.*

*Jones*, 263 Ga. 228, 430 S.E.2d 352 (1993); and

(4) That the counterclaims of the Defendants against certain plaintiffs be, and the same hereby are, DISMISSED WITHOUT PREJUDICE to those claims, or any other claims based upon or arising from plaintiffs' loans, being asserted in future actions in any court of competent jurisdiction; and

(5) The grant or denial of a motion to amend plaintiffs' complaint being within the sound discretion of the trial court, and for the reasons articulated by the Court at the March 16, 1994, hearing, that plaintiffs' motion to amend their complaint be, and the same is, DENIED; and

(6) That any claims of plaintiffs against defendants not specifically disposed of above are hereby DISMISSED WITH PREJUDICE and that any orders and injunctions previously entered against defendants in this case that are inconsistent with the foregoing rulings be, and hereby are, VACATED. Each party shall bear its own costs.

Let judgment be entered accordingly.