**In re David M. MURPHY and Sharon E. Murphy, Debtors.**

**David M. Murphy and Sharon E. Murphy, Objectants,**

**v.**

**Internal Revenue Service, Respondent.**

**No. 1–01–02486.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 9, 2002.

Lawrence G. Frank, Esquire, Harrisburg, PA, for debtors.

Charles J. Dehart, III, Esq., Hummelstown, PA, trustee.

## ORDER

ROBERT J. WOODSIDE, Chief Judge.

The background for this Order is as follows. The IRS has a claim against the Debtors in the amount of $41,762.05 which represents penalties for their failure to pay taxes in 1995, 1996 and 1997. The Internal Revenue Code provides that such penalties may become liens on a taxpayer's real estate along with the taxes and interest on which such penalties are based. The IRS filed a proof of claim listing the $41,762.05 as secured. Debtors have filed an objection to this claim. Debtors make two salient arguments.[1]

■ First, they argue that 11 U.S.C. § 506(b) does not allow these penalties to become liens. They rely on *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). *Ron Pair* held that "in the absence of an agreement" *post-petition* fees, costs and charges (such as penalties) are not allowed by § 506(b). Debtors assert that the penalties in their case were imposed under the Internal Revenue Code and not under a consensual agreement, and so *Ron Pair* would prohibit them from being treated as a secured claim. However, *Ron Pair* does not control here because it dealt with *post-petition* penalties, while those involved in this case appear to be wholly pre-petition.[2]

On the issue of pre-petition penalties being allowed as part of a secured claim, the Third Circuit has not specifically ruled, but at least two other Circuits have held

---

1. A third argument is based on a provision of Chapter 7, rather than Chapter 13. The provisions of Chapter 7 are generally not applicable in Chapter 13. 11 U.S.C. § 103.

Therefore, this third argument need not be addressed.

2. Debtor does not indicate that any portion of the penalty claim accrued post-petition.

that penalties are allowable to an oversecured creditor. In *In re Brentwood Outpatient, Ltd.*, 43 F.3d 256 (6th Cir.1994) the Court ruled that such penalties were allowable as part of a secured claim but not unsecured claims.[3] In *In re Gledhill*, 164 F.3d 1338 (10th Cir.1999) the Court succinctly stated that "holders of an oversecured consensual claim or an oversecured nonconsensual claim are entitled to interest, penalties attorneys fees and costs that accrue *before* the Debtor's bankruptcy petition is filed.... Interest, fees, costs, and charges that accrue *after* the petition has been filed ... are permitted only if authorized under 11 U.S.C. § 506(b) ...." *Id.*, at 1340 *(emphasis in the original) (citations omitted)*. Although Debtor cites several cases that would appear to hold differently than *Brentwood* and *Gledhill*, most of them are cases from the lower courts and many pre-date *Ron Pair*.

For these reasons, I conclude that prepetition penalty amounts included in nonconsensual, secured claims are not prohibited by § 506(b).

 As a second basis for relief, Debtors asserts that § 510(a) provides for equitable subordination of the contested penalty amount in favor of other unsecured creditors. The rulings of the Supreme Court and the Third Circuit militate against a decision that the $41,762.05 claim be treated as unsecured solely because such treatment would allow for a greater distribution to unsecured creditors. *See, United States v. Reorganized CF & I Fabricators, 518 U.S. 213, 215 (1996); In re Burden*, 917 F.2d 115 (3rd Cir.1990). These decision indicate that a totality of the equities of a case must be considered. Debtors have asserted no other reason why equitable subordination should apply

in this case. Therefore, Debtors' second basis for relief is also without merit.

The Objection to claim is hereby OVERRULED.

---

**3.** Debtor's Brief cites the lower court's ruling in *In re Brentwood,* 134 B.R. 267 (Bankr. M.D.Tenn.1991), but that ruling was reversed in the above-cited decision.