**In re Antonio AGUILAR &
Avelina Laxa, Debtors.**

**Antonio Aguilar & Avelina Laxa,
Plaintiffs/Appellants,**

**v.**

**United States of America,
Defendant/Appellee.**

**Bankruptcy No. 98–00343–EWH.
No. CV 03–40 TUC DCB.**

United States District Court,
D. Arizona.

Aug. 18, 2003.

Eric Slocum Sparks, Law Offices of Eric Slocum Sparks PC, Tucson, AZ, for Appellants.

James E. Mueller, Tucson, AZ, for Appellee.

Dianne C. Kerns, trustee, Tucson, AZ, pro se.

## ORDER

BURY, District Judge.

This is an appeal from a pending bankruptcy court case. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158 which provides the district court with jurisdiction over appeals "from final judgments, orders and decrees," and "with leave of the court, from interlocutory or-

ders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." The Appellee elected to have the appeal heard by the district court instead of the bankruptcy appellate panel. Fed. R. Bankr.P. 8001(e).

■ As an appellate court, this Court reviews the conclusions of law of the bankruptcy court de novo and findings of fact are reviewed for clear error. *In re Eashai*, 87 F.3d 1082, 1086 (9th Cir.1996).

Appellants/Debtors Laxas (Debtors/Laxas) challenge the bankruptcy court ruling that the Internal Revenue Service (IRS) is entitled to include pre-petition penalties and related interest in its secured claim. Laxas argue that the penalties are unreasonable and, therefore, not recoverable under 11 U.S.C. § 506(b). Laxas also argue that the IRS's secured claim should be equitably subordinated to the status of a general unsecured claim.

The IRS counters, and this Court finds, that the Debtors' arguments of unreasonableness and equitable subordination are precluded because they were not raised below. This Court affirms the bankruptcy court's finding that the IRS is entitled to include pre-petition penalties and interest related thereto in its secured claim against the Laxas.

### Statement of the Case

This case involves $334,198.59, which is the secured portion of an IRS claim, arising from tax-liens filed by the IRS against the Debtors' property in 1997 for nonpayment of taxes in 1992, 1993 and 1995. (Appellants' Record at Ex. 19: Proof of Claim for Internal Revenue Taxes.)

The Laxas filed their petition for bankruptcy under Chapter 11 on January 28, 1998. On September 5, 2001, the Chapter 11 proceeding was converted to a Chapter

13 petition, which provides for the discharge of unsecured tax liabilities including interest and penalties. On November 15, 2001, the IRS filed its proof of claim for $334,198.59, which was the amount of the unpaid federal income taxes, penalties, and interest, *owed and accrued prior to the bankruptcy proceeding.*

Mr. and Mrs. Laxa, are both doctors. The Laxas were both working when they filed the Chapter 11 petition. They were licensed and practiced in Michigan and Arizona. They owned homes in Michigan and Arizona. They also owned a restaurant in Michigan. According to the Debtors, their financial difficulties relate to losses they incurred at the restaurant. By the time the petition was converted to a Chapter 13 proceeding, both Mr. and Mrs. Laxa had retired for health reasons. Mrs. Laxa has breast cancer and is undergoing treatment. The Laxas are now living in Douglas, Arizona.

Appellants dispute approximately $130,000 of the IRS's secured $334,198.59 claim. They argue that the IRS may not have a secured interest in the penalty portion of the claim ($84,722.34) and in the interest portion of the claim that derives from the incurred penalties (approximately $50,000.00 of the total accrued interest ($96,855.79)).

■ As the bankruptcy court noted, the Debtors' assertion goes against what has been considered "pretty much black letter law." (Appellants' Record, Ex. 20: Bankruptcy Hearing Transcript at 12.) As described in Collier on Bankruptcy, "the amount of a creditor's claim is typically determined as of the petition date, and includes the principal amount of the obligation plus all matured pre-petition interest, fees, costs, and charges owing as of the petition date." 4 Collier on Bankruptcy, ¶ 506.04[1] at 506–101, 506–102 (15th ed. rev.2002).

*Statement of the Law: Discussion and Analysis*

The Debtors' rely on 11 U.S.C. § 506(b) of the bankruptcy code to support their assertion that the law does not provide for payment of penalties nor interest on those penalties on a creditor's secured claim when an agreement does not provide for those extra "charges." It is undisputed that this is a nonconsensual secured claim. It is the Laxas' position that the penalty and related interest portion of the IRS's secured claim is not recoverable and the claim should be reduced by approximately $130,000.

Section 506(b) entitles a creditor to receive post-petition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding, and "any reasonable fees, costs or charges provided for under the agreement under which such claim arose." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); (*quoting* 11 U.S.C. § 506(b)). Courts have treated penalties as being within the category of "fees, costs, and charges" that are "allowed if they are reasonable and provided for in the agreement under which the claim arose." *See In re Pointer,* 952 F.2d 82, 89 (5th Cir.1992) ("All creditors can recover interest on an oversecured claim, but only creditors who have voluntary secured claims can recover penalties, fees, and costs.").

As explained in *Ron Pair:*

Section 506, enacted as part of the extensive 1978 revision of the bankruptcy laws, governs the definition and treatment of secured claims, *i.e.,* claims by creditors against the estate that are secured by a lien on property in which the estate has an interest. Subsection (a) of § 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured. Subsection (b) is concerned specifically with oversecured claims, that is, any claim that is for an amount less than the value of the property securing it. Thus, if a $50,000 claim were secured by a lien on property having a value of $75,000, the claim would be oversecured, provided the trustee's costs of preserving or disposing of the property were less than $25,000. Section 506(b) allows a holder of an oversecured claim to recover, in addition to the prepetition amount of the claim, "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

*Ron Pair,* 489 U.S. at 238–39, 109 S.Ct. 1026; 11 U.S.C. § 506.[1]

■ In *Ron Pair* the Court held that "recovery of postpetition interest is unqualified, whereas recovery of those fees, costs, and charges is allowed only if they are reasonable and provided for in the agreement under which the claim arose." *Id.* at 241–42, 109 S.Ct. 1026. "Therefore, in the absence of an agreement, postpetition interest is the only added recovery available." *Id.* In other words, fees, costs, and charges, including penalties and related interest, are not recoverable under section 504(b) on nonconsensual secured claims if they accrue after the filing of the bankruptcy petition.

---

1. Section 506(b), as amended, reads:
"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

Here, the IRS's secured claim is unequivocally not consensual, but the penalties and related interest accrued *pre-petition*. The Laxas argue that *Ron Pair* applies to pre-petition penalties and interest, but they ignore the limit[2] of the holding in *Ron Pair* to recovery of *post-petition* interest, fees, costs, and charges. The Debtors also ignore what the bankruptcy court described as "pretty much black letter law" that "[ ] when you don't pay your taxes, then they get to lien it. And when you don't' pay your taxes, you owe the tax, plus interest, plus a penalty. And all of that ends up being part of your tax obligation under the Internal Revenue Code." (Appellants' Record, Ex. 20: Transcript of September 30, 20002 at 12.)

*Ron Pair* does not control "because it dealt with post-petition penalties, while those involved in this case are wholly pre-petition." *In re Murphy*, 279 B.R. 163, 164 (Bankr.M.D.Pa.2002) (*relying on In re Brentwood Outpatient, Ltd.*, 43 F.3d 256, 263 (6th Cir.1994); *In re Gledhill*, 164 F.3d 1338, 1340 (10th Cir.1999)).

The *Gledhill* court considered the merits of a post-petition claim for attorney fees. It recited the general rule that a creditor's bankruptcy claim is measured "as of the date of filing of the petition" and may include penalties that have accrued and been secured as of that date within the context of its analysis that "an allowed secured claim" under 11 U.S.C. § 506(b) means the "specific claim presented to the bankruptcy court." *Gledhill*, 164 F.3d at 1340 (*citing In re Brentwood Outpatient, Ltd.*, 43 F.3d at 263). In *In re Brentwood Outpatient, Ltd.*, the sixth circuit concluded differentiated between the bankruptcy court's award of pre and post petition penalties and reversed the bankruptcy court's

award of penalties on those accruing *after* the filing of the petition. *In re Brentwood Outpatient, Ltd.*, 43 F.3d at 262–263.

This Court finds that *Ron Pair* dealt with post-petition penalties, while those involved in this case are wholly pre-petition. This Court finds that section 506(b) does not apply to pre-petition claims.

■■■ While *post-petition* charges, including penalties, may be included in a secured claim only as authorized by section 506(b), *pre-petition* charges, including penalties, are properly included as part of the secured claim. *In re Brentwood Outpatient, Ltd.*, 43 F.3d at 262–263; *In re Vanderveer Estates Holdings, Inc.*, 283 B.R. 122, 131 (Bankr.E.D.N.Y.2002) ("[i]nterest, fees, costs, and charges arising pre-petition are part of the secured creditor's claim in the first instance, and are therefore not governed by section 506(b)"); *In re Laymon*, 117 B.R. 856, 858 (Bankr. W.D.Tex.1990), *rev'd on other grounds*, 958 F.2d 72 (5th Cir.1992) (section 506(b) "governs only interest accruing between the date of the bankruptcy petition and the date of distribution to the creditor" while the allowance of interest that had accrued prior to the date of the bankruptcy petition is "governed by applicable non-bankruptcy law (whether contractual or statutory) and simply represents part of the pre-petition claim"). The amount of the secured claim is determined as of the date of the filing of the petition. *In re Murphy*, 279 B.R. at 164 (citing 11 U.S.C. § 502(b)).

### Conclusion

■■■ This Court affirms the bankruptcy court's decision that the IRS is entitled to assert secured status on the portion of its claim attributable to penalties and interest which accrued pre-petition. Because the Court finds that section 506(b) does not

---

**2.** Section 506(b) is also limited to claims that are oversecured, but here Debtors have never asserted that the value of their property is less

than the IRS' secured claim. (Appellees' Response at 5 n. 4.)

apply, it does not reach the issue of whether the IRS claim is reasonable as required for recovery of penalties under section 506(b).

█ The Debtors assertion that the penalty portion of the secured claim should be equitably subordinated to the status of a general unsecured claim was presented for the first time to the bankruptcy court by a Motion to Reconsider. "[I]t is a cardinal tenant of federal-civil practice that a court-trial or appellate—will not consider matters raised for the first time in a motion for reconsideration." *Summitt Investigative Service, Inc. v. Herman,* 34 F.Supp.2d 16, 26 (D.D.C.1998). The court may refuse to consider an issue raised for the first time in a motion for reconsideration. *Novato Fire Protection Dist. v. United States,* 181 F.3d 1135, 1141 n. 6 (9th Cir.1999).

The Laxas argue that the bankruptcy court erred as a matter of law because it relied on *In re Murphy* to hold that section 506(b) does not bar the IRS from recovering the penalty portion of its secured claim, but failed to consider the alternative of equitable subordination that was considered by the court in *In re Murphy.* First, unlike the Laxas, the debtor in *In re Murphy* presented the issue of equitable subordination to the *In re Murphy* court. Second, the merits of the Laxas' claim for equitable subordination is highly questionable.

█ In the Ninth Circuit, three elements must be established to obtain equitable subordination of a claim: "(1) the claimant who is to be subordinated has engaged in inequitable conduct; (2) the misconduct results in injury to competing claimants or an unfair advantage to the claimant to be subordinated; and (3) subordination is not inconsistent with bankruptcy law." *In re Lazar,* 237 F.3d 967, 986 n. 19 (9th Cir.2001) (*citing Paulman v. Gateway Venture Partners III, L.P. (In re*

*Filtercorp, Inc.),* 163 F.3d 570, 583 (9th Cir.1998)) (*quoting Spacek v. Thomen (In re Universal Farming Indus.),* 873 F.2d 1334, 1337 (9th Cir.1989)). Here, there is no assertion of misconduct by the IRS.

█ The Supreme Court advises that classification of claims is the role of Congress, not the judiciary. *United States v. Noland,* 517 U.S. 535, 543, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996). In other words, the court cannot " 'set up a subclassification of claims … and fix an order of priority for the subclasses according to its theory of equity.' " *Id.* (*quoting In re Columbia Ribbon Co.,* 117 F.2d 999, 1002 (3rd Cir.1941)). After *In re Noland,* this Court must reject Debtors' assertion that the tax penalties at issue are nonpecuniary and, therefore, as a matter of law they justify being equitably subordinated to general, unsecured claim status.

**Accordingly,**

**IT IS ORDERED** that the bankruptcy court's decision is AFFIRMED.

**IT IS FURTHER ORDERED** that the Appeal is dismissed and this matter is remanded to the bankruptcy court.