In re Brunilda NUNEZ, Debtor.

In re Julio A. Ortiz and Dora
H. Ortiz, Debtors.

In re Cirilo B. Vazquez, Debtor.

Nos. 03–24496T, 04–20032T, 03–26568T.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 6, 2004.

Daniel J. Mazaheri, Lebanon, PA, Counsel for Debtor, Brunilda Nunez.

Dexter K. Case, Case & DiGiamberardino, P.C., Reading, PA, Counsel for Debtors, Julio A. Ortiz and Dora H. Ortiz.

Michael D. Hess, Burke & Lutz, Lancaster, PA, Counsel for Debtor, Cirilo B. Vazquez.

Jason Leininger, Portnoff Law Associates, Ltd., Wynnewood, PA, Counsel for City of Reading, City of Allentown and Allentown School District.

Benjamin G. Lipman, Wynnewood, PA, Counsel for City of Allentown and Allentown School District.

Polly Langdon, Reading, PA, Chapter 13 Trustee.

### MEMORANDUM OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

Before the Court are the objections filed by each of the Debtors in the above-captioned cases ("Debtors") to the proofs of claim of the City of Reading, the City of Allentown and the Allentown School District ("the Taxing Authorities"). The Taxing Authorities filed secured proofs of claim in amounts reflecting the principal balance due on Debtors' delinquent property taxes, as well as interest, attorneys' fees and costs incurred in connection with the collection of the delinquent property taxes. Debtors filed objections to these claims in which they object to those parts

of the proofs of claim that seek recovery of attorneys' fees and costs on the grounds that recovery of these items is prohibited by 11 U.S.C. § 506(b). For the reasons that follow, we overrule Debtors' objections.

## FACTS

The following facts are uncontested. The Taxing Authorities are all political subdivisions in the Commonwealth of Pennsylvania empowered to impose real property taxes upon properties located within their geographical jurisdictions. Debtors own real property within the jurisdictions of the respective Taxing Authorities and, as such, are subject to their taxing authority. At some point, Debtors became delinquent in the payment of their real property taxes and the Taxing Authorities hired Portnoff Law Associates ("Portnoff") to collect the delinquencies.

In the process of attempting to collect Debtors' delinquent tax payments, Portnoff obtained tax liens against Debtors' real property pursuant to the Pennsylvania Municipal Claims and Tax Lien Act, 53 P.S. § 7101 et seq. ("the MCTLA"). As part of the tax liens, attorneys' fees and costs incurred in connection with Portnoff's collection efforts were assessed as permitted by the MCTLA and local ordinances. Portnoff followed the procedures set forth in the MCTLA to obtain the tax liens for the Taxing Authorities and the interest, attorneys' fees and costs associated therewith. In an effort to stop the continuation of the lien enforcement procedures, Debtors filed their respective bankruptcy petitions.

### A. *Nunez:*

On August 21, 2003, Brunilda Nunez filed her chapter 13 petition. Thereafter, on September 12, 2003, the Allentown School District filed a secured proof of claim in the amount of $2,759.51 for delinquent real estate taxes for the years 2001 and 2002. Of the $2,759.51 claimed, $975.00 represents attorneys' fees. On the same day, the City of Allentown filed its secured proof of claim in the amount of $3,306.52 for delinquent real estate taxes for the years 2001 and 2002. $2,797.00 of this claim represents attorneys' fees and costs. The Allentown School District subsequently amended the amount sought in its proof of claim to $3,668.83 to add delinquent taxes for the year 2003. Likewise, the City of Allentown amended the amount sought in its proof of claim to $4,539.19 to add delinquent taxes for the year 2003.

### B. *Ortiz:*

On January 6, 2004, Julio and Dora Ortiz filed their chapter 13 petition. Shortly thereafter, the City of Reading filed a secured proof of claim in the amount of $5,070.94 for delinquent real estate taxes for the years 2001 and 2002, which includes a principal balance of $876.98 and interest, attorneys' fees and costs of $4,193.96. However, the City of Reading subsequently filed an amended proof of claim in the amount of $4,291.95 after crediting a $778.99 refund it had received. Of the amended claim of $4,291.95, interest, attorneys' fees and costs total $3,364.26.

### C. *Vazquez:*

On December 15, 2003, Cirilo Vazquez filed a chapter 13 petition. On June 9, 2004, the City of Reading filed a secured proof of claim in the amount of $1,416.42 for delinquent real estate taxes for the years 2002 and 2003. Thereafter, the City of Reading amended the amount sought in its proof of claim to $1,227.42 to reduce the amount of certain fees and costs that were assessed after the bankruptcy filing. $574.00 of this amended claim represents

668

the principal balance due for the delinquent real estate taxes. The remainder is comprised of interest, attorneys' fees and costs.

## DISCUSSION

 The issue before us is whether 11 U.S.C. § 506(b) prohibits the Taxing Authorities from including, as part of their secured claims, pre-petition attorneys' fees and costs assessed pursuant to the MCTLA. Section 506(b) generally governs the allowance of fees and costs as part of a secured claim. *See In re Olick*, 221 B.R. 146, 152 (Bankr.E.D.Pa.1998). It provides that:

[t]o the extent that an allowed secured claim is secured by property the value of which, after recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

In general, for fees and costs to be included as part of an allowed secured claim under this section, a creditor must be oversecured and the charges must be: (1) provided for in an agreement under which the claim arose (i.e., consensual), (2) reasonable and (3) permitted under the law.[1]

---

1. Although the amounts claimed as interest in the proofs of claim are not at issue, it is worth noting that the Supreme Court in *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) held that reference to "under an agreement" in section 506(b) only modified the reference to "reasonable fees, costs or charges" and, that therefore, interest may be recovered as part of a secured claim absent an agreement. *See also Bondholder Comm. v. Williamson County (In re Brentwood Outpatient, Ltd.)*, 43 F.3d 256, 261 (6th Cir.1994), *cert. denied* 514 U.S. 1096, 115 S.Ct. 1824, 131 L.Ed.2d 745 (1995) ("The [Supreme] Court [in *Ron Pair*] found that § 506[b] provides for postpetition interest on oversecured claims whether they arise by operation of law or under an agreement, but allows postpetition fees and costs only to consensual oversecured lienholders whose claims arise by agreement"). The Supreme Court interpreted section 506(b) as creating a distinction between consensual liens (those created by agreement) and nonconsensual liens (those created by operation of law) with respect to the recovery of fees and costs. Interest could be recovered as part of a secured claim regardless of whether an oversecured lien was consensual or nonconsensual. *See Ron Pair*, 489 U.S. at 241, 109 S.Ct. 1026 (holding that § 506[b] provides for the recovery of post-petition interest on oversecured claims irrespective of whether they arise by operation of law or by agreement); *see also Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n. Inc.)*, 880 F.2d 1540, 1549 (2nd Cir.1989), *cert. denied* 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990) (holding that the County was entitled to post-petition interest as part of its secured claim for delinquent taxes). Of course, if there was no agreement setting forth the applicable interest rate, then nonbankruptcy law must be applied to establish the appropriate rate of interest. *See Bradford v. Crozier (In re Laymon)*, 958 F.2d 72, 75 (5th Cir.1992), *cert. denied* 506 U.S. 917, 113 S.Ct. 328, 121 L.Ed.2d 247 (1992); *In re Terry Ltd. P'ship*, 27 F.3d 241, 243–244 (7th Cir.1994), *cert. denied sub nom. Invex Holdings, N.V. v. Equitable Life Ins. Co. of Iowa*, 513 U.S. 948, 115 S.Ct. 360, 130 L.Ed.2d 313 (1994); *In re Route One West Windsor Ltd. P'ship*, 225 B.R. 76, 86–87 (Bankr.D.N.J.1998).

However, in order for fees and costs to be recovered as part of a secured claim under section 506(b), these charges must be provided for under an agreement. *See Ron Pair*, 489 U.S. at 241, 109 S.Ct. 1026 (under § 506[b], a creditor can only recover fees and costs if they are reasonable and provided for under an agreement); *Brentwood Outpatient*, 43 F.3d at 262 (holding that the County was not entitled to recover post-petition fees and costs as part of its secured claim for delinquent property taxes because such charges arose by operation of law); *City of Farmers Branch v. Pointer (In re Pointer)*, 952 F.2d 82, 89 (5th Cir.1992), *cert. denied* 505 U.S. 1222, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992) (holding that the Taxing Units were not entitled to

*See Olick,* 221 B.R. at 152–153; *In re West Chestnut Realty of Haverford, Inc.,* 186 B.R. 612, 617 (Bankr.E.D.Pa.1995).

However, an important distinction has developed in the case law regarding whether section 506(b) is applicable to pre-petition as well as post-petition claims for interest, fees and costs. This distinction is important to this case because, as nonconsensual lienholders, the Taxing Authorities may not be able to include the pre-petition fees and costs as part of their secured claims if section 506(b) is deemed to apply to these factual circumstances.[2]

Debtors argue that section 506(b) applies to oversecured claims for attorneys' fees and costs regardless of whether such charges were incurred pre- or post-petition. As such, Debtors contend that section 506(b) prohibits the Taxing Authorities from including such charges in their secured proofs of claim because they are not provided for in an agreement as section 506(b) requires.[3] The Taxing Authorities claim that section 506(b) applies only to fees and costs incurred post-petition

and, that therefore, they can include such charges in their secured proofs of claim because the fees and costs at issue accrued pre-petition.

Although the issue has yet to be addressed by the Third Circuit Court of Appeals or any court within this judicial district, several courts have opined as to whether section 506(b) applies to pre-petition fees and costs. While these courts claim to have interpreted the plain meaning of section 506(b), they have arrived at differing conclusions with respect to whether this provision is applicable to pre-petition amounts. *Compare Bondholder Comm. v. Williamson County (In re Brentwood Outpatient, Ltd.),* 43 F.3d 256, 263 (6th Cir.1994) (§ 506[b] applies only to post-petition secured amounts); *Rushton v. State Bank of Southern Utah (In re Gledhill),* 164 F.3d 1338, 1340 (10th Cir. 1999) (same); *In re Leatherland Corp.,* 302 B.R. 250, 257–258 (Bankr.N.D.Ohio 2003) (same); *Laxa v. United States (In re Laxa),* 312 B.R. 394, 398 (D.Ariz.2003) (same); *In re Vanderveer Estates Hold-*

post-petition penalties, fees or costs as part of their secured claim for unpaid taxes because such charges were not pursuant to an agreement); *Rushton v. State Bank of Southern Utah (In re Gledhill),* 164 F.3d 1338, 1341 (10th Cir.1999) (section 506[b] limits the award of fees and costs to oversecured creditors whose fees and costs were provided for in an agreement); *In re Tricca,* 196 B.R. 214, 218 (Bankr.D.Mass.1996) ("The overwhelming majority of cases have held that a secured creditor is not entitled to recover legal fees as part of its secured claim when the claim for fees and costs arises solely by operation of law"). To be provided for under an agreement means the claim is consensual. As a corollary, nonconsensual claims do not involve an agreement between the parties. Thus, generally speaking, fees and costs that are not assessed pursuant to an agreement may not be recovered as part of a secured claim under section 506(b). *But see* note 5, *infra.*

2. *See* note 2, *supra* and note 5, *infra.*

3. Debtors also assert that section 506(b) prohibits the inclusion of attorneys' fees and costs in the secured proofs of claim because they are unreasonable. However, the issue regarding the reasonableness of the fees and costs is not presently before us for consideration. Rather, the only issue before us is whether the fees and costs are allowable under section 506(b). Notably, if section 506(b) is not applicable, I need not conduct an inquiry as to whether the fees and costs are reasonable under this section. *See In re Leatherland Corp.,* 302 B.R. 250, 258 (Bankr.N.D.Ohio 2003); *Laxa v. United States (In re Laxa),* 312 B.R. 394, 398–399 (D.Ariz.2003). However, this is not to say that I will not otherwise be required to examine the reasonableness of the attorneys' fees and the Taxing Authorities concede as much. *See* Memorandum of Law filed by Taxing Authorities at 3, n. 2. Indeed, a party can challenge the reasonableness of the attorneys' fees assessed under the MCTLA. *See* 53 P.S. § 7106(a.1).

*ings, Inc.,* 283 B.R. 122, 131 (Bankr. E.D.N.Y.2002) (same); *Murphy v. IRS (In re Murphy),* 279 B.R. 163, 165 (Bankr. M.D.Pa.2002) (same); *In re Cummins Utility, L.P.,* 279 B.R. 195, 201 (Bankr. N.D.Tex.2002) (same); *see also* 4 Lawrence P. King, Collier on Bankruptcy, ¶ 506.04 (15th Ed. Rev.2002) ("Section 506[b] governs the allowance of postpetition interest, fees, costs and charges as part of a secured claim"), *with Welzel v. Advocate Realty Invs., LLC (In re Welzel),* 275 F.3d 1308, 1314–1315 (11th Cir.2001) (§ 506[b] applies to pre- and post-petition amounts); *In re Center,* 282 B.R. 561, 565 (Bankr.D.N.H.2002) (same); *Powe v. Chrysler Fin. Corp. (In re Powe),* 278 B.R. 539, 554 (Bankr.S.D.Ala.2002) (same).

▮ We hold that section 506(b) applies only to · *post-petition* interest, fees and costs sought as part of a secured claim. Quite simply, interest, fees and costs arising pre-petition are already a part of a secured creditor's proof of claim in the first instance rendering section 506(b) inapplicable. *See Vanderveer Estates Holdings,* 283 B.R. at 131. That is, "[t]he amount of a creditor's 'claim' is typically determined as of the petition date, and includes the principal amount of the obligation plus all matured prepetition interest, fees, costs and charges owing as of the petition date." 4 Lawrence P. King, Collier on Bankruptcy, ¶ 506.04[1] (15th Ed. Rev.2002); *see Gledhill,* 164 F.3d at 1340 (a creditor's bankruptcy claim is measured as of the filing date of the petition and may include penalties, interest, fees and costs that accrued prior to such date). As the court explained in *Leatherland Corp.:*

> [t]he starting point in the application of [section 506(b)] is the existence of "an allowed secured claim," which is determined by looking to applicable law. A "claim" includes "any right to payment ..." The plain language of § 506(b) does

not limit the definition of an "allowed secured claim" to include only the principal amount due. Rather, the "allowed secured claim" referred to in that section necessarily includes the principal as well as any interest and fees for which the creditor has a right to payment as of the time the bankruptcy petition is filed. Section 506(b) then provides that a creditor may collect certain postpetition additions to the extent that its "allowed secured claim" is oversecured.

302 B.R. at 258 (internal citations omitted). In short, since an "allowed secured claim" under section 502 includes amounts that have accrued pre-petition, section 506(b) applies only to post-petition interest, fees and costs sought in a secured creditor's proof of claim. *See Gledhill,* 164 F.3d at 1340 (while nonconsensual oversecured lienholders are entitled to pre-petition fees and costs, post-petition fees and costs are permitted only if authorized by § 506[b] ); *Leatherland Corp.,* 302 B.R. at 258 ("the purpose of § 506[b] is to permit a creditor to collect certain postpetition additions from the collateral securing its claim only to the extent that it is oversecured"). The "allowability" of pre-petition claims is governed by section 502 and not by section 506(b). *See Leatherland Corp.,* 302 B.R. at 258; 4 Lawrence P. King, Collier on Bankruptcy, ¶ 506.04[1] (15th Ed. Rev. 2002). Indeed, " § 506(b) deals with whether a claim is secured or not, as opposed to the larger question of whether the claim is allowed or disallowed, as addressed by § 502." *Welzel,* 275 F.3d at 1317.

Moreover, the Supreme Court recognized in *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), albeit in a situation dealing with the recovery of post-petition interest on a nonconsensual oversecured claim, that section 506(b) does not deal

with pre-petition amounts contained in a proof of claim. Specifically, the Court noted that "[s]ection 506(b) allows a holder of an oversecured claim to recover, *in addition to the prepetition amount of the claim,* 'interest on such claim and any reasonable fees, costs, or charges provided for under the agreement under which the claim arose.'" *Id.,* at 239–240, 109 S.Ct. 1026 (emphasis supplied); *accord Leatherland Corp.,* 302 B.R. at 257; *see Brentwood Outpatient.,* 43 F.3d at 263 (the language of § 506(b) and the Supreme Court's decision in *Ron Pair* compels the conclusion that nonconsensual oversecured lienholders are entitled to fees and costs which accrue pre-petition but not post-petition). Indeed, many courts often refer to section 506(b) as governing a creditor's entitlement to post-petition interest, fees and costs. *See Leatherland Corp.,* 302 B.R. at 257.

In conclusion, insofar as the attorneys' fees and costs claimed due by the Taxing Authorities arose pre-petition, these costs are already included in the Taxing Authorities' underlying secured claims and are secured by the tax liens. In other words, since pre-petition fees and costs are not subject to the proscriptions of section 506(b), the Taxing Authorities need not meet the requirements of this section in order to include the pre-petition fees and costs in their proofs of claim.[4] However, as we noted in footnote 4, *supra,* the Taxing Authorities concede that the pre-petition attorneys' fees included in their proofs of claim must be reasonable under the MCTLA, 53 P.S. § 7106(a.1). As such, we shall schedule a continued hearing for each of the three cases herein to determine the reasonableness of the attorneys' fees under the MCTLA.[5] We shall also schedule a telephone conference call to be held before the date of the continued hearing to discuss the potential for settlement in each of these four cases.

## CONCLUSION

For the reasons set forth above, we conclude that section 506(b) does not prohibit the Taxing Authorities from including charges for pre-petition attorneys' fees and costs assessed pursuant to the Pennsylvania MCTLA in their secured proofs of claim. Accordingly, we overrule Debtors' objections to the Taxing Authorities' proofs of claim and schedule a hearing to determine the reasonableness of the attor-

---

**4.** We agree with the argument advanced by the Taxing Authorities that attorneys' fees and costs are an integral part of the tax claims themselves under section 7101 of the MCTLA. Specifically, section 7101 of the MCTLA defines the term "taxes" to mean:

any county, city, borough, incorporated town, township, school, bridge, road, or poor taxes, *together with and including all penalties, interest, costs, charges, expenses and fees, including reasonable attorneys' fees, as allowed by this act and all other applicable laws.*

53 P.S. § 7101 (emphasis supplied). Under the plain language of this provision, attorneys' fees and costs that are permitted by the MCTLA, as well as other laws, are considered to be taxes. Here, the MCTLA allows the Taxing Authorities to recover attorneys' fees and costs in the collection of delinquent taxes.

*See* 53 P.S. § 7106(d) ("[a]ttorney fees may be imposed and collected in accordance with this section upon all taxes, tax claims, tax liens, municipal claims, municipal liens, writs of scire facias, judgments or executions filed on or after December 19, 1990"). Therefore, we agree with the alternative argument advanced by the Taxing Authorities that the attorneys' fees and costs sought to be recovered by the Taxing Authorities are included within the definition of "taxes" under the MCTLA and are part of the delinquent tax claims themselves.

**5.** Since Debtors are obviously desirous of achieving confirmed chapter 13 plans as soon as possible, it would serve no purpose to refer the "MCTLA reasonableness" issue to a state forum.

neys' fees under the MCTLA. An appropriate Order follows.

## ORDER

AND NOW, this 6th day of December, 2004, it is ORDERED that Debtors' objections to the proofs of claim filed by the Taxing Authorities are hereby OVERRULED as the court finds that 11 U.S.C. § 506(b) does not apply to the pre-petition attorneys' fees and costs contained in the proofs of claim.

IT IS FURTHER ORDERED that counsel for the Taxing Authorities shall place a telephone conference call to Chambers at (610) 320–5093 with all counsel herein **on Tuesday, December 14, 2004 at 2:00 p.m.** to discuss settlement.

IT IS FURTHER ORDERED that a hearing shall be held to determine the reasonableness of the attorneys' fees contained in the proofs of claim under the Pennsylvania Municipal Claims and Tax Lien Act, 53 P.S. § 7106(a.1)

On: Thursday, December 16, 2004.

At: 10:00 a.m.

In: Courtroom No. 1,

Third Floor, The Madison

400 Washington St.

Reading, PA.