**In re Joseph and Leonie Wesley.**

**No. 10–43242 (DHS).**

United States Bankruptcy Court, D. New Jersey.

Aug. 10, 2011.

Scura, Mealey, Wigfield & Heyer, LLP, Joseph J. Reilly, Esq., Wayne, NJ, for Debtors.

Paul J. Fishman, Esq., United States Attorney, Beatriz T. Saiz, Esq., Trial Attorney, Tax Division, Washington, DC, for Creditor, Internal Revenue Service.

### LETTER OPINION ORIGINAL FILED WITH THE CLERK OF THE COURT

DONALD H. STECKROTH,
Bankruptcy Judge.

Dear Counsel:

Before the Court is a motion by Joseph and Leonie Wesley ("Debtors"), pursuant to 11 U.S.C. § 506(b), to reclassify the penalty portion of the Internal Revenue Service's ("IRS") proof of claim from secured to general unsecured. The IRS opposes the motion, arguing that the IRS's lien is secured to the extent of the Debtors' interest in the attached property, pursuant to 26 U.S.C. § 6321.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(a), 157(b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. Venue is proper under 28 U.S.C. § 1408. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052. For the foregoing reasons, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

The Debtors filed a joint petition for Chapter 13 bankruptcy relief on October 27, 2010. The IRS timely filed a secured proof of claim in the total amount of $612,213.93. It later filed an amended proof of claim in the same amount, but listed $576,560.00 as secured and $35,653.93 as general unsecured. The IRS divided its claim into: (1) past taxes owed ($114,821.79); (2) penalties up to petition date ($182,717.42); and (3) interest ac-

crued up to the petition date ($314,674.72). The Debtors do not contest that the unpaid taxes and interest are entitled to secured status. However, they seek to reclassify the penalty portion as general unsecured.

The IRS filed numerous tax liens on the Debtors' real property in Woodcliff Lake, New Jersey. Beginning on January 10, 1996, the IRS filed six liens for unpaid taxes for the tax years 1989 through 1995. On November 24, 2005, the IRS re-recorded a lien for the tax years 1989 through 1994 totaling $192,615.86. On May 4, 2006, the IRS re-recorded a second lien for the tax year of 1995 totaling $17,217.51.

The Debtors assert that the total amount of the final two liens ($209,833.37 plus accrued pre- and post-petition interest) is the maximum amount that should be included in the secured claim because penalties were not provided for by an agreement. They argue that the penalties arose by operation of law and not from a consensual agreement and, as such, they are not treated as a secured claim under 11 U.S.C. § 506(b). Conversely, the IRS contends that such pre-petition penalties, secured by the Debtors' real property by virtue of the tax lien, are properly categorized as secured in the instant bankruptcy proceeding

## DISCUSSION

### I. 26 U.S.C. § 6321—Tax Liens

The IRS asserts that its lien on the Debtors' property secures its claim, including interest and penalties, to the extent of the Debtors' interest in the property, pursuant to 26 U.S.C. § 6321.[1]

■ It is clear from a plain reading of the statutory language that Congress intended for federal tax liens to include amounts in excess of the actual unpaid tax by including the phrase "any interest, additional amount, addition to tax, or assessable penalty" in the wording of the statute. *Matter of Mikrut,* 79 B.R. 404, 409 (Bankr. W.D.Wis.1987) (determining that interest is "inherent in the filing of a federal tax lien" under section 6321). The federal government's lien will not be limited to the amount shown on a Tax Certificate of Assessment or a lien notice. *Home Sav. & Loan Co. of Youngstown OH v. Acme Arsena Co., Inc.,* 2010 WL 148087, at *3 (N.D.Ohio Jan. 11, 2010); *In re Malke,* 2005 WL 1670722, at *2 (Bankr.M.D.Fla. Mar. 17, 2005). "The vitality of a valid tax lien, which includes penalties and interest on the same, has been historically respected by the Legislature and the Judiciary." *In re Seneca Balance, Inc.,* 114 B.R. 378, 378 (Bankr.W.D.N.Y.1990). It is clear the federal tax liens on the Debtors' property include amounts owed for interest and penalties.

### II. Secured Status of Claim

■ 11 U.S.C. § 506 governs the allowance of secured claims.[2] Section 506(b)

---

1. Section 6321 provides as follows:
   [i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

2. Section 506(b) provides as follows:
   [t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the

"specifies several rules governing the entitlement of the holder of a secured claim to recover postpetition interest, fees, costs and charges.... Rules governing the allowance of claims generally are provided in section 502." 4 COLLIER ON BANKRUPTCY ¶ 506.01 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.). "In general, for [interest, fees, costs, and penalties] to be included as part of an allowed secured claim under [section 506(b)], a creditor must be oversecured and the charges must be: (1) provided for in an agreement under which the claim arose (i.e., consensual), (2) reasonable and (3) permitted under the law." *In re Nunez*, 317 B.R. 666, 668 (Bankr.E.D.Pa.2004).

■ Since, "an important distinction has developed in the case law regarding whether section 506(b) is applicable to prepetition as well as post-petition claims" the Court must determine whether section 506(b) applies to the IRS's claim for prepetition tax penalties. *See In re Nunez*, 317 B.R. at 669. The Third Circuit has not addressed the question; however, other courts have ruled directly on whether section 506(b) applies, with differing opinions. The majority rule is that the allowability of pre-petition interest, fees, costs, and penalties "as part of the secured creditor's 'claim' is not determined by section 506, but is governed by section 502 in conjunction with other provisions of the Code." *See* 4 COLLIER ON BANKRUPTCY ¶ 506.04[1] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.); *compare Rushton v. State Bank of Southern Utah (In re Gledhill)*, 164 F.3d 1338, 1340 (10th Cir. 1999) (§ 506[b] applies only to post-petition secured amounts); *Bondholder Comm. v. Williamson County (In re Brentwood Outpatient, Ltd.)*, 43 F.3d 256, 263 (6th Cir.1994) (same); *Laxa v. United States (In re Laxa)*, 312 B.R. 394, 398

(D.Ariz.2003) (same); *In re Leatherland Corp.*, 302 B.R. 250, 257–58 (Bankr. N.D.Ohio 2003) (same); *In re Vanderveer Estates Holdings, Inc.*, 283 B.R. 122, 131 (Bankr.E.D.N.Y.2002) (same); *In re Cummins Utility, L.P.*, 279 B.R. 195, 201 (Bankr.N.D.Tex.2002) (same); *Murphy v. IRS (In re Murphy)*, 279 B.R. 163, 165 (Bankr.M.D.Pa.2002) (same); *with Welzel v. Advocate Realty Invs., LLC (In re Welzel)*, 275 F.3d 1308, 1314–15 (11th Cir.2001) (§ 506[b] applies to pre- and post-petition amounts); *In re Center*, 282 B.R. 561, 565 (Bankr.D.N.H.2002) (same); *Powe v. Chrysler Fin. Corp. (In re Powe)*, 278 B.R. 539, 554 (Bankr.S.D.Ala.2002) (same).

In practice, section 506(b) is widely recognized as the post-petition interest provision for oversecured creditors. The bankruptcy court for the Eastern District of Pennsylvania held in *In re Nunez* that "section 506(b) applies only to post-petition interest, fees and costs sought as part of a secured claim. Quite simply, interest, fees and costs arising pre-petition are already a part of a secured creditor's proof of claim in the first instance rendering section 506(b) inapplicable." *In re Nunez*, 317 B.R. at 670. "The amount of a creditor's bankruptcy claim is measured as of the date of the filing of the petition." *In re Gledhill*, 164 F.3d at 1340 (quoting 11 U.S.C. § 502(b)) (internal quotation marks omitted). As the *Nunez* court noted,

> [t]he starting point in the application of [section 506(b) ] is the existence of "an allowed secured claim," which is determined by looking to applicable law. A "claim" includes "any right to payment...." The plain language of § 506(b) does not limit the definition of an "allowed secured claim" to include only the principal amount due. Rather, the "allowed secured claim" referred to

agreement or State statute under which

such claim arose.

in that section necessarily includes the principal as well as any interest and fees for which the creditor has a right to payment as of the time the bankruptcy petition is filed. Section 506(b) then provides that a creditor may collect certain postpetition additions to the extent that its "allowed secured claim" is oversecured.

*In re Nunez*, 317 B.R. at 670 (quoting *In re Leatherland Corp.*, 302 B.R. 250, 258 (Bankr.N.D.Ohio 2003)) (internal quotations omitted).

■ This Court adopts the reasoning in *Nunez* and *Leatherland Corp.* The Bankruptcy Code "is not intended to be read in a vacuum." *In re Churchill Properties III, Ltd. P'ship*, 197 B.R. 283, 288 (Bankr.N.D.Ill.1996). Section 506(b) must be read in conjunction with section 502, which provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Accordingly, it is apparent that "since an 'allowed secured claim' under section 502 includes amounts that have accrued pre-petition, section 506(b) applies only to post-petition interest, fees and costs sought in a secured creditor's proof of claim." *In re Nunez*, 317 B.R. at 670; *see also In re Brentwood Outpatient*, 43 F.3d at 263; *In re Gledhill*, 164 F.3d at 1340. Therefore, it is reasoned that pre-petition claims for penalties are governed by section 502 and not prohibited under section 506(b), as Debtors argue. *See In re Nunez*, 317 B.R. at 670 (citing *Leatherland Corp.*, 302 B.R. at 258).

This interpretation was adopted by the bankruptcy court for the Middle District of Pennsylvania in *In re Murphy*. The court addressed the issue of whether section 506(b) prevented the IRS from including pre-petition penalties in its secured proof of claim. *In re Murphy*, 279 B.R. 163, 165 (Bankr.M.D.Pa.2002). In *Murphy*, the debtors argued that section 506(b) prevented nonconsensual penalties from being included in a secured proof of claim. *See id.* at 164. The IRS maintained that such penalties may become liens on a taxpayer's property along with past due taxes and interest. *Id.*

The *Murphy* court focused on the Supreme Court's analysis in *United States v. Ron Pair Enterprises, Inc.* to determine that pre-petition penalties are not governed by section 506(b). The Supreme Court in *Ron Pair*, analyzing section 506(b), found that, "[r]ecovery of *postpetition* interest is unqualified, whereas recovery of those fees, costs, and charges is allowed only if they are reasonable and provided for in the agreement under which the claim arose. Therefore, in the absence of an agreement, *postpetition* interest is the only added recovery available." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 235, 109 S.Ct. 1026, 1027, 103 L.Ed.2d 290 (1989) (emphasis added). Furthermore, the Supreme Court stated that "[s]ection 506(b) allows a holder of an oversecured claim to recover, *in addition to the prepetition amount of the claim*, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." *Id.* at 239–40, 109 S.Ct. 1026 (internal quotation marks omitted) (emphasis added). Since, pre-petition penalties are already a part of the pre-petition claim, section 506(b) does not apply. *In re Nunez*, 317 B.R. at 670. As a result, the *Murphy* court determined that "pre-petition penalty amounts included in nonconsensual, secured claims are not prohibited by § 506(b)" and therefore, the *Murphy* court found that the IRS properly included

pre-petition penalties in its secured proof of claim. *In re Murphy*, 279 B.R. at 165.

In the instant case, the Debtors' nonconsensual pre-petition penalties, which arose by operation of law under the Internal Revenue Code, accrued prior to the petition date. Since pre-petition penalties are not governed by section 506(b), the IRS does not need to meet the requirements of this section to include pre-petition penalties in its proof of claim. *See In re Nunez*, 317 B.R. at 671. Furthermore, since the penalties are pre-petition, they are not the type of post-petition penalties addressed in *Ron Pair* and that case is not controlling. *See In re Murphy*, 279 B.R. at 164. Thus, the pre-petition penalties were properly included in the IRS's secured proof of claim, pursuant to its tax lien under 26 U.S.C. § 6321.

This Court agrees with the majority rule and finds that section 506(b) does not control the allowability of pre-petition penalties included in secured claims. Such penalties "are already a part of a secured creditor's proof of claim in the first instance rendering section 506(b) inapplicable." *In re Nunez*, 317 B.R. at 670; *see Vanderveer Estates Holdings*, 283 B.R. at 131.

### III. Priority Status

■ The Debtors further argue that the Court may subordinate non-pecuniary tax penalties, in favor of other creditors, pursuant to 11 U.S.C. § 510(c). Section 510(c) states that a court may, "(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." However, such treatment is disfavored when based solely on a desire to allow for greater distribution to unsecured creditors. *In re Murphy*, 279

B.R. at 165 (citing *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 215, 116 S.Ct. 2106, 2108, 135 L.Ed.2d 506 (1996); *Burden v. United States*, 917 F.2d 115 (3d Cir.1990)). In considering a request for equitable subordination, courts must look to the totality of the circumstances. *Id.* Here, the Debtors have not provided any evidence to indicate that equitable subordination is appropriate under the circumstances and the Court declines to order such extraordinary relief.

### CONCLUSION

For the foregoing reasons, the Court finds that the penalty portion of the IRS's claim was incurred pre-petition and was fully secured by its tax lien authorized under 26 U.S.C. § 6321. Therefore, the penalty portion should not be reclassified from secured to general unsecured under section 506(b). Accordingly, the Debtors' motion is denied.

An Order in conformance with this Opinion has been entered by the Court and is attached hereto.